WILLIAM O'FLAHERTY *vs.* THE CITY OF BRIDGEPORT.

Third Judicial District, New Haven, January Term, 1894. ANDREWS, C. J., TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

Sections 8 and 11 of the Act amending the charter of the city of Bridgeport (Special Acts of 1889, pp. 856, 858), relating to the registration of voters at electors' and city meetings, are not inconsistent with, and do not repeal §§ 215 and 222 of the General Statutes requiring the registrars of voters to complete a correct list of those entitled to vote at the annual town and city election.

The registrars performing the duties so required of them are, therefore, entitled to recover reasonable compensation.

[Submitted on briefs January 16th—decided March 6th, 1894.]

ACTION to recover compensation for services rendered by the plaintiff, as registrar of voters, in preparing a registry list for use in the annual town and city election in Bridgeport on the first Monday of April, 1892; brought to the Court of Common Pleas in Fairfield County, and tried to the court, *Curtis, J.,* on demurrer to the complaint. The court sustained the demurrer, and rendered judgment for the defendant, and the plaintiff appealed. The case is sufficiently stated in the opinion. *Judgment reversed.*

*Lockwood* and *Beers,* for the appellant (plaintiff).

*Daniel Davenport,* for the appellee (defendant).

HAMERSLEY, J. This is a suit to recover payment for

services rendered by the plaintiff as registrar of the town of Bridgeport, in completing a registry list for the annual town meeting held on the first Monday of April, 1892.

The defendant demurred on the ground that there was no law requiring or authorizing the performance of such services ; the demurrer was sustained and judgment given for the defendant ; the plaintiff appealed, assigning as the only reason of appeal, error in the court below in sustaining the demurrer.    The demurrer admits for the purposes of decision that the defendant is liable to pay for the services if they were authorized by law.    The case, therefore, involves a single question—did the law authorize the registrars of the town of Bridgeport to complete a correct list of all the electors in said town prior to the town meeting held on the first Monday of April, 1892 ?

Section 215 of the General Statutes imposes such duty upon the registrars of Bridgeport, and under the provisions of § 277 they are liable to fine and imprisonment for neglect to perform that duty ; but the defendant claims that § 215 is inconsistent with the provisions of " An Act Amending the Charter of the City of Bridgeport and Consolidating the Government of the Town and City of Bridgeport," passed March 26th, 1889, and published in the Special Acts of the January, 1889, session (p. 854), and is therefore repealed by virtue of the clause in that act repealing all acts and parts of acts inconsistent with its provisions.

The amendment to the city charter does not purport to repeal § 215 ; it is a special act dealing with the municipal affairs of a single city and was enacted in view of existing general statutes regulating registration ; and if it can fairly be construed as consistent with those statutes, it is the duty of the court to give it such construction.    The actual inconsistency alleged between § 215 and the special act is based on the claim that two sections, to wit, §§ 8 and 11, of the special act are inconsistent with each other, if § 215 remains unrepealed. Section 8 provides that all persons registered as electors prior to the biennial electors' meetings, and by virtue of such registration entitled to vote at such meeting in the town of Bridge-

port, may vote at the succeeding city meeting held for the choice of officers; and that at all city meetings all persons may vote who possess the specified qualifications (the specified qualifications being the same qualifications that are prescribed by § 36 of the General Statutes for voters at town meetings, irrespective of registration). Section 11 provided that at the annual city meeting on the first Monday of April, for the choice of officers, votes shall be received "from the electors then registered." It is plain from the context that the word "electors" is used in the phrase "electors then registered," with the meaning "freemen of the city" or "qualified voters of the city;" and some confusion in construing this special act will be avoided by remembering that the act throughout uses the word "elector" inaccurately. The Constitution has given to the word "elector" a precise, technical meaning, and it is ordinarily used in our legislation with that meaning only. An "elector" is a person possessing the qualifications fixed by the Constitution, and duly admitted to the privileges secured and in the manner prescribed by that instrument. The electors, and no others, can vote for state officers and members of the General Assembly; they are electors of the State, but they can become electors only through the action of the towns, and can only exercise their exclusive privileges, as originally defined by the Constitution, in the towns to which they belong. While the legislature can permit none but electors to take part in the "electors' meeting," it may permit other than electors to take part in town, city and borough meetings, and to vote for local officers; hence there is a broad distinction which has been observed in legislation between "electors' meetings," and meetings of towns, cities and boroughs; between "electors" and voters. Within the meaning of the Constitution there can be no electors of a city, and the act, in speaking of "meetings of the electors of the city," "electors of the city," and "electors of the town and city," is confusing and renders its accurate construction more difficult.

The inconsistency thus claimed between §§ 8 and 11 is that § 8 excludes all persons but the electors who were registered

prior to the biennial state election in November, and by virtue of such registration were entitled to vote at such election, from voting at the following annual city election for the choice of officers ; *i. e.*, that § 8 excludes from voting at the annual city election for the choice of officers, all persons except electors of the State duly registered prior to the preceding biennial state election ; that § 11 provides that at such annual city election votes shall be received from all voters of the city then registered ; that if there is no registration except the biennial registration prior to the said election, the two sections are consistent ; but if the law provides for an intervening registration, then § 8 excludes those registered at the intervening registration from voting, and § 11 commands that their votes shall be received, and so there is an inconsistency between the two sections ; that § 215 of the General Statutes provides for such intervening registration, and must therefore be repealed by implication.

The difficulties involved in maintaining this claim are obvious, and conclusive against its validity. The general statute which the defendant claims is repealed in this indirect manner, deals with a subject distinct from that dealt with by the special act, and covers a ground not touched by that act. The former deals with provisions for enforcing throughout the state a settled policy in respect to the admission of electors and registration of voters ; the latter deals only with the special qualifications of city voters, who must exercise their right to vote in accordance with the general laws regulating the admission of electors and registration.

Section 215 is a part of the general statutory provision for requiring in every town in the state a meeting of the selectmen and town clerk, to be held once in every year for the admission of electors, and for requiring the registrars to annually place upon the registry list the names of the electors so admitted, in order that the laws of registration for the promotion of free suffrage may not operate in any town to the exclusion of any elector, otherwise qualified, from voting at the state election, and at the annual town election immediately following his admission as an elector. This general

statutory provision is contained in §§ 219 to 224 inclusive, and §§ 207 to 216 inclusive. Section 215 is, therefore, in reality, but one section of one public act enacted to carry out one general purpose, and is essential to the accomplishment of the purpose. That purpose is to secure to every qualified citizen of the state, in whatever town he may live, the right to be admitted as an elector within the year preceding each annual town meeting; and to provide in each town for a correct registry list of all electors before each electors' meeting, and for a revision of that list for use before each annual town meeting for election of officers.

We think that legal effect is given to this intent of the legislature relative to admission of electors and registration of voters, by the sections of the General Statutes covering the subject and in force in 1889, when the special act under construction was passed. Section 219 provides for a meeting of selectmen and town clerk in every town for the admission of electors prior to each electors' meeting. As these electors' meetings occur biennially in the even numbered years, §§ 222 and 223 provide for a similar meeting for the admission of electors prior to each annual town meeting in the years intervening between the biennial state elections. Section 207 requires the registrars in every town to complete, prior to each electors' meeting, a correct list of all electors entitled to vote in that town at that meeting.

Sections 215 and 216 require the registrars in every town to further complete that list prior to the town meetings in the years intervening between the electors' meetings, by adding the names of electors whose qualifications have matured since the last electors' meeting, and erasing the names of those who have lost the right to vote. (It is to be noted that in 1887, in view of the new constitutional provision for biennial state elections, the legislature passed "An Act for the Registration of Electors prior to Annual Town Meetings," providing for the admission of electors and their registration prior to the annual town meeting in every town, in the odd numbered years; and that as Bridgeport alone held its town meeting in April, and the act, therefore, would not op-

erate so beneficially for Bridgeport as for the other towns, a subsequent act was passed providing that the intervening admission of electors and registration in Bridgeport should take place prior to its town election in April in the even numbered years.   These two acts were incorporated as §§ 222 and 223, 215 and 216, in the Revision of 1888, adopted at the same session.)

Having thus carried out, though in a somewhat clumsy way, the legislative intent of securing the annual admission of electors and annual registration of all electors admitted in every town, the General Statutes, in § 233, for securing the beneficial purposes of registration, provide that " at any electors' meeting, and at any town or city meeting for the election of officers by ballot, those only shall vote who were registered on the revised list then last completed according to law."   In this condition of the General Statutes as to the admission of electors and their registration, the special act amending the charter of the city of Bridgeport was passed. If the inconsistency between §§ 8 and 11 of that amendment, claimed by the defendant, exists, such inconsistency should be reconciled if possible ; but if the amendment is so carelessly phrased that reconciliation is not possible, it is by no means clear that sound rules of construction will permit the court to declare a general statute, enacted for a general and entirely different purpose, to be impliedly repealed, in order to reconcile self-contradictory language contained in a special act ; but when it is remembered that this charter amendment especially refers to the annual town election which, by the terms of the Constitution, must continue to be held in Bridgeport for the choice of selectmen, and that the general statute claimed to be impliedly repealed, was enacted for the express purpose of securing to all the citizens of the state, including the inhabitants of Bridgeport, by provisions for annual admission of electors and annual registration, the right to vote at such annual town meetings, and that the alleged contradictory provisions of §§ 8 and 11 of the charter amendment deal expressly with the qualification of voters at city meetings only, and do not purport to deal with

subjects of admission of electors and registration, the argument is apparent that if it is impossible in construing that amendment to give effect to the provisions of § 8 and of § 11, then, as in the construction of every law containing provisions hopelessly inconsistent, effect must be given to those provisions most consistent with the context and the clear intent of the legislature ; and that such difficulty in the construction of the charter amendment does not create that absolute inconsistency between the special act and the general statute which is necessary to justify the court in declaring the general statute repealed by implication.

The defendant appreciates this argument, but seeks to avoid its force by the suggestion that the special act deprives the annual town meeting in Bridgeport of all functions except the election of selectmen, and deprives the selectmen of all functions except the admission of electors ; and that it is unreasonable to hold that the legislature intended to keep in force the general statute providing for the admission of electors and a registry list for use at a town meeting held simply for the election of selectmen who have no duties or powers except the admission of electors ; and that such a conclusion, entailing as it does the making of new voters and a new registration for use solely at a town meeting, cannot be entertained for a moment.

The annual town meeting for the election of selectmen is required by the Constitution. In the selectmen chosen at such town meeting, with the town clerk, is vested the power to annually determine the qualifications of electors, and without their annual election and their judicial action, the government under the Constitution could not continue ; the annual town election is the single entrance to our whole system of State government. If the times have changed so that the system is oppressive or inadequate in present conditions, the remedy is with the electors ; but so long as the Constitution remains unchanged, neither the legislature nor the court can alter the supreme position held by the annual town meeting, and the court cannot treat as unreasonable any law necessary or proper to secure to each elector

and citizen qualified to be an elector, his right to vote at each annual town meeting.

But the defendant goes further, and the main part of his brief is occupied with an argument tending to establish the claim that the special act is not simply an amendment of the city charter, but an act consolidating the town and city governments; that such legislation is "unprecedented and revolutionary," and that the legislature intended to practically abolish the town, and to make even the annual meeting for the election of selectmen "a part, in fact, of the city election;" and that, therefore, those general laws intended to secure to all citizens rights of voting at town meetings, are no longer applicable to the citizens of Bridgeport.

We are not called upon in this case to express any opinion upon the questions such argument involves, for even if the claims of the defendant in this matter were correct and his argument sound, there still remains the decisive question whether the amendment of the city charter in fact intends to do away with all admission of electors and all registration of voters except such as is provided for in connection with the biennial state elections. We think the amendment expresses no such intention, and that a correct construction of the language of the amendment is inconsistent with such intention.

Section 4 of the city charter, to which this special act is an amendment, provides that "every person and no other" who is an elector of the State qualified to vote at electors' meetings in the town of Bridgeport, and who shall have resided in said city at least sixty days, shall be an "elector of said city," and qualified to vote at any city meeting and to hold any city office. Section 8 of the amendment simply modifies this definition and says that, "at all city meetings all those male citizens may vote who are of the age of 21 years, and who have resided in this state the one year, and in the town the six months, next preceding, and who have been duly admitted as electors in said town, or who have a freehold estate," etc. It is admitted that the sole object of this change in the city charter was to require of the voters

of the city of Bridgeport the same qualifications that are prescribed by the General Statutes for voters of a town, and those qualifications are substantially the same as have been required for town voters for the past seventy years; and the main practical effect intended by the change is to allow residents of the city not electors, but possessing property qualifications, to vote at all city meetings; but in the immediately preceding clause of § 8 it says that, "at all meetings held by the electors of said city for the choice of officers," every person may vote who was registered as an elector on the revised registry list of said town completed for the last preceding biennial electors' meeting and who, by virtue of such registration, was entitled to vote at such biennial electors' meeting. The defendant construes this language as meaning that no person shall vote at any city meeting for the choice of officers except electors of the State who have been registered, and who were qualified to vote at the preceding biennial electors' meeting; and on this construction bases his claim that § 8 dispenses with all admissions of electors and all registration of voters, except for the biennial electors' meetings, and therefore repeals the statutes providing for the annual admission of electors and the annual registration of voters in the town of Bridgeport.

If the defendant's construction is correct, it necessarily follows:—that one clause of the section says that no one shall vote at the annual city meeting except an elector of the State who has been registered at a biennial electors' meeting held five or seventeen months previously, while the following clause says that any elector qualified by residence may vote at all city meetings; that one clause says no person possessing property qualification who is not an elector, can vote at the annual city meeting, while the next clause says that every citizen possessing the required qualifications of age, residence and property, may vote at all city meetings, although not an elector; and that the main object of the section in requiring of all city voters the same qualifications required of town voters, as well as the main intended effect

of admitting as city voters persons not electors, but possessing property qualifications, have not been accomplished.

It is too plain for argument that a construction involving such results cannot be correct, nor is there any real ground for such a construction; in carrying out its object of prescribing for the voters of the city of Bridgeport the same qualifications required for voters of a town, the legislature has adopted substantially the language of § 36 of the General Statutes which prescribes the qualifications of town voters, and, in adopting that language, may fairly be held to adopt the meaning which the language used in that section undoubtedly expresses. The method of construction applied by the defendant to § 8 of the charter amendment, if applied to § 36 of the General Statutes, would make that section inconsistent with the statutory provisions for an annual admission of electors and registration in every town in the state; but it is patent that § 36 is not susceptible of such a construction. Construed in connection with cognate parts of the General Statutes, the plain meaning of that section is, that all citizens of the town possessing the qualification of age and residence, who have been either duly admitted as electors or, not being electors, possess the required property qualifications, may vote at all town meetings; but at annual town meetings for the election of officers, the right of voting must be exercised subject to the law of registration. Those electors who were registered on the list completed for the last preceding biennial electors' meeting may vote without further registration; but that list must be completed by the addition of the names of those electors who were not so registered, or whose qualifications have since matured, in order that such electors may exercise their right to vote; and as to persons not electors, but entitled to vote by virtue of property qualification, either the legislature intended that they should vote at the annual meeting without registration, or the duty to add them to the completed list is to be inferred from the various sections relating to registration. The meaning expressed in § 36 must attach to the similar

language used by the legislature in § 8 for expressing a similar purpose.

Giving this meaning to § 8—a meaning justified as well by the language used as by the patent analogy between that section and § 36—all inconsistency apparent between § 8 and § 11 disappears. Section 8 prescribes the qualifications of the city voters, and says that certain of those voters may vote on the registry list completed for the preceding biennial electors' meeting. Section 11 says votes shall be received at the annual city meeting from all voters then registered; and § 215 of the General Statutes, with the provisions of the existing city charter, supply the machinery for registering all voters not on the list completed for the preceding biennial electors' meeting; and voters so registered, voting at the annual city meeting, are voters "then registered" within the meaning of § 11. This view is fully confirmed, if confirmation were needed, by examination of the provisions relating to city and town elections in the city charter passed in 1874, to which the special act of 1889 is an amendment.

We see no escape from the conclusion that § 215 of the General Statutes has not been repealed by the Special Act of 1889, and that the registrars of the town of Bridgeport were required by law to complete a registry list for use at the town and city elections held on the first Monday of April, 1892, by making such corrections in the registry list completed for use at the electors' meeting held in November, 1890, as the law requires in order to make that list a correct list of those entitled, by § 36 of the General Statutes and § 8 of the charter amendment, to vote at said town and city meeting.

There is error in the judgment of the Court of Common Pleas, and the judgment is reversed.

In this opinion the other judges concurred.