In the Matter of the Application of Matye S. Carragher, Appellant, for Permit to Buy, Keep and Sell Intoxicating Liquors for Lawful Purposes.

**Intoxicating liquors:** SALE BY PHARMACISTS: QUALIFIED ELECTORS.
1 A woman is not a qualified elector within the meaning of the constitution, which governs the qualification of electors; and is not therefore entitled to a permit to handle intoxicating liquors as a pharmacist.

**Same:** CONSTITUTIONAL LAW. The business of dealing in intoxicating
2 liquors is within the control of the state and it may prescribe the qualifications of persons to whom the right shall be granted. And the statute authorizing the granting of a permit to qualified electors only, as defined by the constitution, is not a denial of the equal protection of the law; nor is the statute invalid as giving to one class of citizens exclusive privileges.

*Appeal from Floyd District Court.*—Hon. J. F. Clyde, Judge.

Wednesday, November, 16, 1910.

The opinion states the case.—*Affirmed.*

*Frank Lingenfelder,* for appellant.

No appearance for the State.

Weaver, J.—The appellant, a woman and registered pharmacist resident of Floyd County and citizen of the United States and state of Iowa, made application in due form to the district court for a permit to buy, keep and sell intoxicating liquors for lawful purposes under the laws of the state. To said application an appearance was entered by the county attorney, who raised the issue that by the provisions of section 1, chapter 143, of the Acts of the Thirty-Third General Assembly, the applicant was not qualified to receive a permit. The objection was sustained by the trial court, the application dismissed, and the applicant appeals.

The statute in question is entitled "An act to prohibit any person except a qualified elector from engaging in the sale of intoxicating liquors at retail. . . . (Additional to chapter six of title twelve of the Code, relating to intoxicating liquors). Section 1. No one except a qualified elector of the town, city or township in which the business is conducted or carried on shall engage in the sale of intoxicating liquors at retail."

Assuming the validity of this legislation, the primary question before us is whether the applicant, a woman, is or can be considered a qualified elector of the city of which she is a resident citizen. Stated otherwise, the inquiry is whether the applicant is by reason of her sex disqualified from receiving and holding a pharmacist's permit for the sale of liquors. That she is not an elector in the general

1. Intoxicating liquors: sale by pharmacists: qualified electors.

sense that she is entitled to vote at all general and municipal elections is conceded; but it is said that she is qualified to vote at city, town, or school district elections upon the matter of proposed bond issues and other financial or tax measures, and she is therefore an elector, at least in a restricted meaning of the term, and, as the statute provides for no distinction between electors in prescribing the qualifications of an applicant, she is qualified to hold a permit. If it were within the constitutional power of the Legislature to prescribe the qualifications of an elector, the argument on behalf of the appellant would be quite persuasive. But the essentials of a qualified elector are fixed by the Constitution of the state as follows: Article 2, section 1: "Every male citizen of the United States of the age of twenty-one years, who shall have been a resident of the state six months next preceding the election, and of the county in which he claims his vote sixty days, shall be entitled to vote at all elections which are now, or hereafter may be, authorized by law." The Legislature can not add to or take from these qualifications, and until the people shall have changed this feature of their fundamental law a woman can not be a qualified elector in the constitutional sense of the term. See *Coggeshall v. Des Moines,* 138 Iowa, 736, where this subject is fully considered and many of the authorities collated. This is not inconsistent with legislative power to authorize women to vote on questions of public policy or administration submitted to the popular vote but not including the election or choice of officers. *Coggeshall v. Des Moines, supra.* Woman may be a voter upon questions of this nature, but without ignoring the constitutional restrictions she can not be made a qualified elector. But counsel say that, even conceding this point, keeping and dealing in intoxicating liquors for lawful purposes can not be said to be engaging in the sale of such liquors "at retail," and that the real purpose and intent of the act is to regulate the sale of liquors under the

protection of the mulct statute. Were we to look alone
to some matters of common repute and general discussion
at or about the time this chapter was added to the statute,
we might readily agree with counsel in his conclusion;
but the language employed is entirely too broad and sweep-
ing to permit us to indulge in that construction. In the
first place, we think it must be said that the pharmacist
doing business under a liquor permit is a retailer of liquors.
He buys in quantities and sells in lesser quantities precisely
as other merchants do or as he retails other drugs or articles
of which his stock is composed, save only as the business
is restricted or regulated by statute. Again, the title to
the act does not express any purpose to restrict its effect
to dealers under the mulct law, but declares it to be
amendatory or additional to chapter 6 of title 12 of the
Code, which chapter treats both the matters of sales by
pharmacists and sales by mulct dealers. When, therefore,
it provides that no one but a qualified elector shall engage
in retailing such liquors, and makes the provisions addi-
tional to this general chapter, it would be an undue stretch
of judicial authority for us to say that it applies to the
one class only and not to the other.

Finally, it is argued that, if the statute is to be
construed as we have here indicated, it should be held void
as violating our constitutional provisions for the uniform
operation of the laws and against the grant
to any citizen or class of citizens of special
or exclusive immunities or privileges. We
think the facts do not involve any invasion of the appel-
lant's constitutional rights in this respect. The business
of dealing in intoxicants is peculiarly within the control
of the state. It may prohibit the traffic in its entirety.
It may permit sales for specified purposes only. It may
prescribe the qualifications of the persons to whom the right
to sell is granted, and the fact that a permit is given to
one person or class of persons neither works nor implies

2. SAME: con-
  stitutional
  law.

the denial of any constitutional right to the person or class of persons to whom it is refused. Registered pharmacists as a class are probably no better qualified to safely keep and sell liquors than are physicians as a class or many other persons engaged in other lines of human employment, yet counsel would scarcely contend that the granting of permits to pharmacists only is an unconstitutional discrimination against physicians or grocers. It will not be denied that, while a woman may be a competent pharmacist, and as such be capable and worthy to receive a permit, yet the law could not permit the sex to engage in the retail liquor traffic generally without serious injury to public morals, and, if in guarding against this evil the statutory prohibition is made so broad and general as to here and there prevent a worthy woman from enjoying a privilege which she would not abuse, it is but an illustration of the impossibility of enacting a general rule which does not bear with unequal weight upon some of the persons affected by it. We think it competent for the Legislature to act upon the theory that as a rule retail dealing in intoxicants by women is opposed to sound public policy, and that so long as the state chooses to exercise its right to regulate the traffic and minimize its admitted evils it may constitutionally deny permits to persons of that sex. Counsel calls to our attention no authority or precedent which goes to the extent of his contention in argument, and we know of none. This discrimination of which he complains is neither unreasonable nor oppressive. Of the soundness of the proposition, in support of which many cases are cited, that to be constitutional a law must operate alike "on all persons who are or who may be in like situation, and the classification must be natural and reasonable and not arbitrary and capricious," there can be no question; but in our view it will not sustain this appeal. The discrimination between the sexes is neither arbitrary nor capricious, and the fact that in many instances individuals of one

sex are in general better fitted than those of the other sex for a given occupation or business is one of such common knowledge and observation that the Legislature may properly recognize it in enacting regulations therefor. In *State v. Muller,* 48 Or. 252 (85 Pac. 855, 120 Am. St. Rep 805), and in the note thereto, the question of distinction or classification according to sex is very fully considered, and, though the case there treated is not parallel to the one at bar, the principles discussed and applied are not to be overlooked in disposing of this appeal.

There was no error in the ruling of the trial court, and it is *affirmed.*