### PROCEEDINGS IN ATTACHMENT.

Common Pleas Court of Franklin County.

MAME PARKINSON v. FRANK A. CRAWFORD.

Decided, May, 1912.

*Attachment—Where Directed Against Excess Over Ninety Per Cent. of Personal Earnings of a Married Man—Demand in Writing Not Necessary—Service on Agent of Defendant—Statement as to Nature of Claim Sued on—Failure to Aver that the Claim was Incurred in the County—Service of Process by Special Constable Not an Elector of the Township—Sections 10272, 10266, 10253, and 1732.*

1. The provision of Section 10272, making a demand in writing a prerequisite to the bringing of a suit in attachment for the excess over and above ninety per cent. of the personal earnings of the debtor, is applicable only to cases where it is sought to reach personal earnings of married men.

2. A return of summons, served on the "agent" of the defendant company within the county in which the action was brought, will not be set aside, although it is the better practice to follow the statute strictly.

3. The statement in the affidavit that the plaintiff's claim is for "board, lodging and washing" is sufficient to save the action from a motion to discharge the attachment; but it is necessary that more facts be stated in the bill of particulars.

4. Failure to aver in the affidavit that the claim was incurred in the county in which the suit is brought, renders the affidavit insufficient and requires that the attachment be discharged.

5. Proof that the special constable, appointed to serve the process, was not an elector of the township in which the action was brought, is ground for discharge of an attachment based upon such service.

*C. W. Reynolds,* for plaintiff.

*Jas. B. Yaw,* contra.

KINKEAD, J.

This is a three day appeal from an order made by a justice of the peace overruling a motion to discharge attachment seeking to sequester the personal earnings of an unmarried person. It is alleged in the affidavit that he is not the head of a family, has not the support of a widowed mother dependent upon him for support, that the property sought to be attached is not exempt, that all the earnings is sought to be attached, and that defendant is a non-resident.

The first question raised on motion to discharge is whether demand is essential in such case. Looking to the provisions of Section 10272 as it stands in the General Code, without considering its history and purpose, it would seem to apply as well to attachments for necessaries against single men, as of married men. But looking to its purpose and history as well as to the matter of exemptions in favor of married men which are not extended to single men, it is plain that Section 10272 as originally enacted—as Section 6501, Bates—provided that demand was only essential in cases where the personal earnings of a married man were sought to be reached.

The statute prescribing that demand shall be made, must be considered in the light of the statutory exemptions as to per-

sonal earnings, as well as with a view to the history of the sections—10272 and 10273—and the purpose and intent of the amendments brought into the statutes April 26th, 1898, and April 16, 1900. At the latter date it was provided that when any part of the personal earnings of a debtor is *not* exempt under the provisions of Sections 5430 and 5441 of Bates' Revised Statutes, the garnishee may pay to such debtor an amount equal to ninety per centum of such personal earnings. This, in other words, withdrew from already existing exemptions ten per cent. of the personal earnings which may be reached by a debtor on a claim for necessaries (93 O. L., 316, 321). On April 16, 1900 (94 O. L., 376), a further amendment was made imposing a liability on the debtor to pay $4 on the costs, and providing that the person seeking recovery of the ten per cent. shall first make a demand in writing for the excess over and above ninety per cent. of the personal earnings of the debtor.

The only exemptions of personal earnings previous to these two amendments were the personal earnings of the debtor, and of his minor child, for three months previous to attachment when the same are necessary to the support of the debtor and his family. Code, Section 11721 (5430). The other was the $500 in lieu of a homestead extended to husband and wife or widow or widower having care of a minor child. Code, Section 11738 (5441).

There never was, nor is there now, any exemption existing in favor of a single person, so that a creditor may sequester all of the personal earnings of such a person. So that it is plain that the provision requiring a demand in writing for the excess over and above ninety per cent. of the personal earnings can only apply to cases where it is sought to reach the ten per cent. of the earnings of married men. In this class of cases the rule of practice adopted in this court is uniform that such demand is a prerequisite to obtaining jurisdiction.

It follows that this ground for discharge is not well taken and is overruled.

Another ground for a discharge of the attachment is that the return does not show service upon the agent of the railroad

company in accordance with the statute. Section 10266 does provide that it must be left with the president, etc., or *managing agent*, if a corporation or with any *regular ticket* or *freight agent* of a railroad company.

The return shows it to have been left with "the agent of the within named Co. in Cols. Franklin Co."

I am of opinion that this is a sufficient substantial compliance with the statute, although it would be much better to follow the statute strictly.

It is also urged as an objection that "the nature of plaintiff's claim" has not been set forth in accordance with the statute. The affidavit states that the action is for board, lodging and washing. That seems to be sufficient in the affidavit, although it would require more facts to be stated in the bill of particulars.

An objection is made that the affidavit does not state that liability was incurred in Franklin county, and hence is violative of Section 10253. This section does provide that: "No proceedings in attachment shall be had to garnishee the salary or wages of an employe of a railroad company, except before a justice or on account of his being *a non-resident of the county in which the liability was incurred.*"

The affidavit does fail to state that the liability was incurred in Franklin county.

The presumption can not be indulged in that this liability was incurred in Franklin county, because the rule is that in courts of limited jurisdiction such as justices courts, all the facts requisite to confer upon it jurisdiction must be averred and proved. Counsel has called attention to a form covering this requirement in Swan's Treatise (22d Ed.), p. 399.

The principle expressed in *Leavitt* v. *Rosenberg,* 83 Ohio St., 230, would seem to apply and require that the affidavit should contain an averment of every essential required by statute.

This makes it imperative upon the court to hold the affidavit insufficient. This ground of motion is, therefore, sustained.

It is claimed that the person deputed to serve the process shall be one who possesses the qualifications of an elector of the

township in which the justice issues the process.   Section 1732
provides that a justice may, on request of a party, specially
deputy a discrete person of suitable age, not interested in the ac-
tion, to serve process.

Section 1733 provides that the person so deputed shall have
the authority and be subject to the obligations of a constable.

It is argued that as Section 4, Article XV, provides that no
person shall be elected or appointed to any office in this state, un-
less he possesses the qualifications of an *elector,* the person
appointed to serve the process in this case was improperly ap-
pointed because he was not a *resident* of the township.

A number of Ohio decisions are cited to show that, under the
law, the person deputed by the justice to serve the process is
an *officer* within the meaning of the Constitution.

An *officer* is one who exercises in an independent capacity, a
public function in the interest of the people by virtue of law
(*State* v. *Jennings,* 57 O. S., 415), upon whom is devolved the
performance of independent statutory duties, which to a certain
extent, involves the exercise of part of the sovereignty of the
state.   *State* v. *Coon,* 26 O. C. C., 241.

The identity of an officer is to be determined by the functions
that belong to it in law.   *Kirker* v. *Cincinnati,* 48 O. S., 507.

An officer is one "who performs the duties of that office."
*Hamlin* v. *Kassafer,* 15 Pas., 78; 15 Oh. R., 456; 3 Am. St.
Rep., 176.

Emolument is a usual but not a necessary element to consti-
tute an office.   *State* v. *Kennon,* 7 O. S., 546; *State* v. *Anderson,*
45 O. S., 196, 199.

Article XV, Section 7, of the Constitution provides that every
person chosen or *appointed* to any office of this state, before en-
tering upon the discharge of its duties, shall take an oath to
support the Constitution, and also an oath of office.

The appointment of the constable is under Sections 1732 and
1733 (formerly Sections 603 and 604) as before stated.

If it be concluded that a special constable appointed by virtue
of the above sections be an *officer* within the meaning of the Con-
stitution, then it must appear that he was an *elector.*

Section 1733 contemplates that "for the service, execution, and return of such process," the "persons so deputed shall have the authority and *be subject to the obligations of a constable.*"

Sections 1732 and 1733 were a part of the act passed March 14, 1853, regulating the jurisdiction and procedure before justices of the peace, and of the duties of constables in civil cases. This act contained fifteen articles and two hundred and twenty-three sections.

Article XIV containing the two sections involved was entitled "general provisions."

Article XIII of this enactment related to constables and their duties. Sections 3331-3345 and Sections 1732 and 1733 were all a part of this article.

The plan of selection of constables is disclosed by this article. The same provisions are now found in Chapter 5 of the General Code, except that Sections 1732-1733 are now found in another part of the code.

First it is contemplated that constables shall be elected biennially (3327). In case of a vacancy by death, removal or non-acceptance and a vacancy occurs, the township trustees shall appoint a person to fill the vacancy.

Then it is provided (3331) that a justice of the peace may appoint constables for special purposes in certain cases. And at the request of a party, and on being satisfied that it is expedient, a justice may specially depute a discrete person of suitable age, not interested in the action, to serve process (1732), and for *the service,* execution, and return of such process, a person so deputed shall have the authority and be subject to the obligations of a constable.

In these cases where persons are appointed to fill a vacancy, or where the constable is appointed for a special purpose, when there is no constable in the township, or if the regular constable is disabled, or the constable is a party to the suit, or where the constables are unable to perform the duties required of the office, it is required that the persons appointed shall take oath as in other cases.

In Sections 1732 and 1733, the special deputation is made at the request of a party and for the service of process in the particular cases. The only requirement made by such special appointment is that he shall be a *discrete person of suitable age,* and that he shall have the authority and be subject to the obligations of a constable.

Under the definitions above given, and according to the statute under which the special constable was appointed, in the service of the particular process, he is performing, for the time being, the duties of the office of constable by virtue of law. The obligations of a constable, during the period of his engagement, are by law imposed upon him. He is, therefore, a special constable, and a special officer.

An elector is one who resides in the state for one year next preceding an election, and who also resides in the county, *township, or ward,* in which he resides. Article V, Section 1, Const.

An elector is a person possessing the qualifications fixed by the Constitution, and duly admitted to the privileges secured, and in the manner prescribed by that instrument. *O'Flaherty* v. *Bridgeport,* 64 Conn., 169; *Beardstown* v. *Virginia,* 76 Ill., 34; *Bergevin* v. *Curtz,* 127 Cal., 86; *State* v. *Tuttle,* 53 Wis., 45.

The requirement of the statute that he shall have the authority and be subject to the obligations of a constable means to impose upon him the same responsibility, and the same requirements provided by the Constitution and the laws of the state. These are that he shall be an elector of the township in which the justice who appointed his resides and officiates. That he should take an oath as do regular constables and others who are specially appointed under Sections 3329-3332 seems clear. This is an obligation imposed upon other regular constables. Whether he shall give an original bond, for each service as is required by regular constables, or whether the justice and his sureties are to be held liable for any neglect of duty or illegal proceedings on the part of such constable appointed by him under Section 3333 (40 O. S., 646) may not be easily determined.

To be subjected to the obligations of a constable the law ought to be so construed as to require that either a bond, or the obliga-

tion of the justice who appoints him, and his sureties, under Section 3333, shall be responsible for any neglect of duty or illegal proceedings by him.

It certainly is contrary to the spirit, intent and purpose of the law that parties should institute attachment proceedings in the township where none of the parties reside, and have their own special constable appointed who does not reside in the township, and is not an elector thereof, and has no responsibility other than himself, as a regular or general practice.

This practice, and the course pursued in this case, is on principle and law not desirable nor legal. Being pursued regularly, it constitutes an abuse of the apparent discretion which is conferred on the justice by virtue of Section 1732. When a party requests the appointment of a special officer for the service in the particular case, the justice must be *satisfied that it is expedient* to make the appointment, and this discretion should be exercised in limited cases, and not carried into general practice. By holding that the person appointed shall be an elector of the township will take away the opportunity for an abuse of discretion in a certain way. When there are regularly elected and qualified and acting constables in a township, special appointment of special constables under Section 1732 ought not to become the practice. It ought to be the exception. The fact that the law provides that no fee is to be taxed for his services in the costs, makes it evident that a practice of having a special constable appointed under this statute will tend to show that such special constable may have a special interest in the suit different from the regular constable who will demand the regular fee.

These are some of the reasons which may be advanced in favor of a restrictive rule such as is here laid down.

And the motion to discharge the attachment is sustained on the further ground that the proof shows that the constable appointed to serve the process in this case was not an elector of the township.