ARTHUR M. BROWN, STATE'S ATTORNEY, EX REL. HARRISON GRAY *vs.* ALBERT QUINTILIAN.

MALTBIE, C. J., HINMAN, BANKS, AVERY and JENNINGS, Js.

Argued March 3d—decided April 14th, 1936.

*Charles V. James,* for the appellant (respondent).

*Lee Roy Robbins* and *Richard L. Norman,* for the appellee (relator).

HINMAN, J.   The information alleged that the term of office of the relator as health officer of the city of Norwich under an appointment made on October 5th, 1931, for the term of four years, ended October 1st, 1935.   In the forenoon of November 4th, 1935, no person having been appointed to succeed him, and a vacancy in the office having existed for more than thirty days, the county health officer, by virtue of § 2405 of the General Statutes, appointed the relator for a four-year term, he accepted, took the oath and claims to be the city health officer.   However, in the evening of the same day (November 4th, 1935) the common council confirmed a nomination by the mayor of the respondent to be health officer for a term of four years, the oath was administered to him and he took possession and exercises the powers and duties of the office.   The respondent in his plea alleged that a period of thirty days had not elapsed prior to November 4th, 1935, after the end of the four-year term for which the relator was appointed in 1931; also that because the relator held and exercised the powers and duties of the office of health officer up to November 4th, 1935, no vacancy existed prior to that date.

The provisions of § 2405 of the General Statutes which are pertinent to the issues presented are that the mayor shall nominate some qualified person to be health officer, which nomination shall be confirmed or rejected by the common council within thirty days thereafter.   "In case of the absence or inability to act of a city . . . health officer, or in case a vacancy shall exist in the office of such health officer, the county health officer may designate in writing a suitable person to act as such health officer during such absence or inability or until such vacancy shall be filled . . . ; and, in case of vacancy in the office of such health officer, if such vacancy shall exist for thirty days, the

county health officer . . . shall appoint a health officer for such city. . . . Each such health officer shall hold office for the term of four years from the date of his appointment."

As the appointment provided for is for a specified term of four years without a further provision for holding over until a successor is appointed and qualified, an incumbent after the expiration of his specified term holds de facto only and his occupancy of the office does not prevent the existence of a vacancy to be filled by the authority empowered to do so. *Alcorn, State's Attorney, ex rel. Hendrick* v. *Keating,* 120 Conn. 427, 434, 181 Atl. 340. The question determinative of the case is when the term of office of the relator under his 1931 appointment expired, thereby creating a vacancy which, after it had existed for thirty days without being filled by nomination by the mayor and confirmation by the common council, the statute (§ 2405) directs the county health officer to fill. The finding as to the 1931 appointment is that at a meeting of the common council held on October 5th, 1931, the mayor nominated the relator "as health officer for a period of four years from October 1st, 1931," and this nomination was confirmed by vote of the council. Therefore, if the time of this appointment is as stated in the confirmed nomination it expired on October 1st, 1935, a vacancy, to be filled by the proper authorities, had existed for more than thirty days, and the county health officer was commanded by the statute to fill it. If, however, the provision in the statute that each such health officer shall hold office for the term of four years "from the date of his appointment" is to be considered as controlling and as compelling that the time run from the date on which the appointment was made (October 5th, 1931) it would have expired October 5th, 1935,

and the thirty-day period had not quite expired on November 4th.

Strict adherence to the letter of the present statute might seem to require the latter conclusion, but among recognized aids to be invoked in statutory construction are the legislative antecedents of the statute, and its practical construction, especially by a governmental agency charged with its administration. *Old Saybrook* v. *Public Utilities Commission,* 100 Conn. 322, 328, 124 Atl. 33; *Savings Bank of Rockville* v. *Wilcox,* 117 Conn. 188, 194, 167 Atl. 713; *Newton's Appeal,* 84 Conn. 234, 241, 79 Atl. 742. The search is for the intent of the lawmakers and when it is clearly ascertainable it prevails over the literal sense and precise letter of the statute. *Bridgeman* v. *Derby,* 104 Conn. 1, 8, 132 Atl. 35; *State ex rel. Stamford* v. *Board of Purchase and Supplies,* 111 Conn. 147, 161, 149 Atl. 410; *O'Flaherty* v. *Bridgeport,* 64 Conn. 159, 165, 29 Atl. 466. A court "is not compelled—indeed, it is not permitted, to give absolute and unqualified effect to a single section or clause of a statute, however direct, plain and unambiguous, considered by itself alone, the language may be, if there are other provisions inconsistent with a literal and unrestricted interpretation of such clause or section, unless the repugnancy is irreconcilable, in which case it is the duty of the court to preserve the paramount intention, so far as is consistent with the rules of law." *People ex rel. Mason* v. *McClave,* 99 N. Y. 83, 89.

The genesis of § 2405 of the General Statutes is Chapter 145 of the Public Acts of 1895, which provided that "the health officer first appointed under the provisions of this act shall hold office for the period of four years from the first Monday of October succeeding such appointment, and until his successor shall be appointed and sworn, . . . and thereafter said

health officer shall be appointed for the term of four years." This act took effect August 1st, 1895, and was mandatory upon all cities and boroughs which then had no health officer appointed under existing provisions of law. It is to be assumed that municipalities to which it applied made appointments accordingly. On September 2d, 1895, a nomination of Dr. Stark as Norwich city health officer for a period of four years was confirmed. Under the act, this appointment ran from the first Monday of October, 1895. In 1897, Chapter 242 of the Public Acts, the law was in effect amended in that it was provided that "the health officer of every city or borough shall hold office for the term of four years from and after the date of his appointment; said term to begin with the health officer first appointed by said city or borough after the passage of this law." It also eliminated the provision for hold-over, after the four-year term, until the appointment of a successor. The purpose of this amendment obviously was to substitute for the commencement date (the first Monday of October) specified in the 1895 act, which would vary according to the date upon which the first Monday of October happened to fall, the fixed date, as to each city, upon which the term commenced under the appointment first made after the passage of the 1897 act, and to designate subsequent consecutive periods of four years, following each other in regular order, each commencing from the date when the preceding one ends. *People ex rel. Mason* v. *McClave,* supra, p. 93. Clearly, by the act of 1895 the law fixed the time of commencement of the term and in effect the same was done by the act of 1897.

When the appointive power has the right to fix the commencement of the term and it is so fixed by the appointment first made, "all subsequent terms of office

necessarily have reference to such initial period, and each term commences at the end of the preceding term." 22 R. C. L. 551; *State* v. *Williams*, 222 Mo. 268, 121 S. W. 64. A beginning of a term from some other date than that so designated or established, as from the date when appointment was made, would be inconsistent therewith, and with the principle that it is only when the law does not fix the commencement of the term that it begins to run from the date of the appointment. *People ex rel. Dibelka* v. *Reinberg*, 263 Ill. 536, 105 N. E. 715, L. R. A. 1915 E, 401, 404; *Attorney-General ex rel. Haight* v. *Love*, 39 N. J. L. 476, 23 Am. Rep. 234; 46 C. J. p. 965, § 104 d. Another rule is that a term fixed by statute cannot be changed by the appointing power. *State ex rel. County Attorney* v. *Willott*, 103 Neb. 798, 800, 174 N. W. 429. The phrase "date of his appointment" in the act of 1897 evidently referred to the date, specified in the appointment, upon which it would become effective, the term to run for four years from and after that date. To construe it as meaning the date when the appointment in fact was made might result in serious curtailment of the prescribed four-year terms and precipitate complications which it was a plain purpose of the amendment to obviate, or the municipalities would be deprived of the salutary right to make appointments in advance and anticipation of the expiration of the current stated term. *State ex rel. Eberle* v. *Clark*, 87 Conn. 537, 546, 89 Atl. 172. No more could the date of beginning of a term so fixed and established be postponed by delay in making the appointment until after the prescribed date.

September 4th, 1899, Dr. Tingley was nominated and confirmed for four years from the first Monday of October, 1899 (which was October 2d) "in place of Dr. Stark whose term expires on October 1st, 1899."

In the Revision of 1902, the provisions of the act of 1895 as amended by the act of 1897 were embodied as § 2532 (now § 2405, Revision 1930) except that the provision in the 1897 act that the term should "begin with the health officer first appointed . . . after the passage of this law" was omitted. The reason for this omission obviously was that the provision then had served its purpose of establishing the fixed date,—as to each city that upon which the term commenced under the appointment first made after the passage of the 1897 act,—by which the terms of succeeding appointments would be regulated.

In 1903, on June 11th, Dr. Lewis was appointed for four years as successor to Dr. Tingley "upon the expiration of his term" which would be October 2d, 1903. In 1907, on June 12th, he was reappointed for four years from October 1st, 1907, and June 15th, 1911, he was again appointed to succeed himself "for the term of four years." On June 10th, 1915, Dr. Brophy was appointed "for the term of four years from the expiration of the term of the present incumbent." He was reappointed June 16th, 1919, for a term of four years; on June 8th, 1923, "for a term of four years from September 30th, 1923;" and on June 9th, 1927, for four years from October 1st, 1927. On November 20th, 1930, Dr. Gray, the relator, was appointed "to complete the unexpired term of Dr. Brophy" resigned, and on October 5th, 1931, as already stated, he was appointed "for a period of four years from October 1st, 1931."

It will thus be seen that, consistently, the mayor and common council of Norwich have regarded the date fixed by the appointment made in 1899 as governing the commencement and consequently the end of each term, rather than the date when the appointment was actually made by nomination by the mayor

and confirmation by the common council, and almost invariably appointment has been made several months in advance of the expiration of the current term. It also appears of record that in 1903 the common council adopted a resolution that beginning October first the salary of the health officer should be payable quarterly and that it ever since has been so paid. We regard this practical construction as being in accord with the purpose and policy evinced by the acts of 1895 and 1897, and not essentially impaired by the Revision of 1902. We hold, therefore, that the trial court was correct in concluding that the appointment of 1899, from October 2d of that year, fixed that as the date from which the terms of the city health officer subsequently must be calculated; that the term of the relator under his 1931 appointment ended with October 2d, 1935; that thereafter a vacancy existed and after November 1st had existed for thirty days, and therefore the county health officer was authorized by § 2405 of the General Statutes to appoint the relator, as he did, and that the subsequent action of the common council in confirming the nomination of the respondent was ineffective. The inaccuracy in the notification to the relator of his appointment stating the term as ending four years from the first Monday of October, 1935, does not invalidate the appointment, which is, in effect, for the unexpired portion of the term of four years from October 2d, 1935.

There is no error.

In this opinion the other judges concurred.