HELEN M. FRANCIS *v.* JOHN J. FITZPATRICK ET ALS.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued January 8—decided February 11, 1943.

*Emanuel G. Goldstein,* for the appellant (plaintiff).

*Leo V. Gaffney,* assistant attorney general, with whom, on the brief, was *Francis A. Pallotti,* attorney general, for the appellees (defendants).

BROWN, J. Upon this appeal from the liquor control commission's refusal to renew the plaintiff's tavern permit, the trial court reserved the constitutional questions involved for determination by this court. The material facts are stipulated. The plaintiff, who is a citizen of the United States but has never been

made an elector of any town in the state, for several years has conducted a tavern in Hartford under a tavern permit issued by the defendant commission. She duly filed an application, signed by her mark, for a renewal of her permit, which expired July 9, 1942. The commission, on July 3, 1942, notified her that her application was denied because of the fact that she was not an elector as required by § 462f of the 1941 Supplement to the General Statutes, and for no other reason.

Section 462f provides: "After July 1, 1942, no permit shall be granted to any person unless he shall be an elector of a town within this state." The questions reserved are: (1) Is § 462f in contravention and violation of the fourteenth amendment to the constitution of the United States and § 1 of the first article of the constitution of Connecticut? (2) Did the legislature contravene any constitutional right in adopting a law denying a liquor permit to any person who is not an elector of a town in the state?

Since the adoption in 1933 of the twenty-first amendment to the constitution of the United States, there is no doubt that a state may absolutely prohibit the manufacture, transportation, sale or possession of intoxicants, and "may adopt measures reasonably appropriate to effectuate these inhibitions and exercise full police authority in respect to them." *Ziffrin, Inc.* v. *Reeves*, 308 U. S. 132, 138, 60 Sup. Ct. 163. This greater power to prohibit includes the less to permit under definitely prescribed conditions. *Seaboard Air Line Ry.* v. *North Carolina*, 245 U. S. 298, 304, 38 Sup. Ct. 96. It was in the exercise of this police power that the legislature enacted the Liquor Control Act which, originally adopted in 1933, is Chapter 151 of the 1935 Cumulative Supplement to the General Statutes. Section 1026c of this chapter expressly and

effectively provides that a permit shall be a purely personal privilege good for one year, revocable in the discretion of the commission, and shall not constitute property. But neither the power of the state absolutely to prohibit all traffic in alcoholic liquors nor the legislative declaration that a permit constitutes a privilege and not property renders inapplicable constitutional guaranties such as that of the equal protection of the laws. *State ex rel. Galle* v. *New Orleans,* 113 La. 371, 379, 36 So. 999; 30 Am. Jur. 279, § 42.

It is clear that the state in the exercise of this power to permit has a large discretion as to the means employed to protect its citizens against the evil incident to the liquor traffic. *Mugler* v. *Kansas,* 123 U. S. 623, 662, 8 Sup. Ct. 273; *Ziffrin, Inc.* v. *Reeves,* supra. The business being one which admittedly may be dangerous to public health, safety and morals (*Mugler* v. *Kansas,* supra; *Crane* v. *Campbell,* 245 U. S. 304, 307, 38 Sup. Ct. 98; 30 Am. Jur. 264, § 22), the scope of the legislature's power to regulate it is much broader than in the case of its regulation of an ordinary lawful business essential to the conduct of human affairs. "In the one business no citizen has an absolute right to engage; in the other all citizens have the right and an equal right to engage. The difference is vital." *State* v. *Conlon,* 65 Conn. 478, 486, 33 Atl. 519; *State* v. *Porter,* 94 Conn. 639, 643, 110 Atl. 59; 30 Am. Jur. 278, § 40. Nevertheless, the police power of the state, like other governmental authority, is to be used for the common welfare, impartially and without unreasonable discrimination. *Atchison & Santa Fe Ry.* v. *Vosburg,* 238 U. S. 56, 59, 35 Sup. Ct. 675. Accordingly, while as between liquor selling and other callings less potentially harmful to the public the legislature may discriminate, there is no warrant for unjustly discriminating between those persons who may

be, or may desire to become, engaged in the same calling of selling liquor. *State ex rel. Galle* v. *New Orleans,* supra; *Chicago* v. *Netcher,* 183 Ill. 104, 114, 55 N. E. 707; 30 Am. Jur. 279, § 42. Therefore, the concrete question remains for determination whether the requirement of § 462f that a person must be an elector to become a permittee is arbitrary, unreasonable and discriminatory, thus violating the plaintiff's constitutional right to the equal protection of the law.

"The discriminations which are open to objection are those where persons engaged in the same business are subjected to different restrictions, or are held entitled to different privileges under the same conditions. It is only then that the discrimination can be said to impair that equal right which all can claim in the enforcement of the laws." *Soon Hing* v. *Crowley,* 113 U. S. 703, 709, 5 Sup. Ct. 730, quoted in *State* v. *Cullum,* 110 Conn. 291, 294, 147 Atl. 804. But no discrimination is involved where there is "some natural and substantial difference germane to the subject and purposes of the legislation between those within the class included and those whom it leaves untouched." *Fountain Park Co.* v. *Hensler,* 199 Ind. 95, 102, 155 N. E. 465, also quoted in *State* v. *Cullum,* supra, 295. The discrimination incident to § 462f is between the class of citizens who are electors and citizens who, like the plaintiff, are not. The decisive question therefore is whether there is such difference between these classes as satisfies the rule just quoted. *A. & P. Tea Co.* v. *Mayor* of *Danville,* 367 Ill. 310, 316, 11 N. E. (2d) 388; see also *State* v. *Zazzaro,* 128 Conn. 160, 165, 20 Atl. (2d) 737. That there is this substantial difference is manifest upon a comparison of the minimum requirements essential to becoming a citizen with those requisite to becoming an elector, and a consideration of the benefits reasonably to be antici-

pated from restricting the permit to those meeting the latter test. Birth within the United States suffices to constitute one a citizen. Const. U. S. Am. XIV § 1; *New Hartford* v. *Canaan*, 54 Conn. 39, 45, 5 Atl. 360. To become an elector one must possess the qualifications fixed by the state constitution and be duly admitted to the privileges of an elector as prescribed by law. *O'Flaherty* v. *Bridgeport*, 64 Conn. 159, 161, 29 Atl. 466. These constitutional qualifications include residence for one year in the state and six months in the town where admitted, a good moral character, ability to read in the English language the constitution and statutes, and the taking of the oath prescribed. Const. Conn. Am. VIII, XXIX. Before an applicant can be admitted as an elector, the town clerk and selectmen of the town who, under the constitution, are made the sole judges thereof, must determine that he possesses these qualifications. Const. Conn. Art. VI, § 5; *Freeman* v. *New Haven*, 34 Conn. 406, 415. The statutes specifically provide for due formality in the procedure to be followed in this connection, and one of them in its recently amended form (§ 89f, Sup. 1941), requires the applicant to state in writing under oath full information as to his name, birth, occupation, present and past residence, previous rights as an elector and marriage relationship, and further directs that this statement shall be kept as a public record. After one has become an elector, his privileges are forfeited upon conviction of certain specified crimes. Const. Conn. Art. VI, § 3.

The above recital of the essential attributes of each makes clear that there is a real and substantial difference between a citizen who has measured up to and complied with the requirements incident to being an elector and one who has not. It further leaves no doubt that, in view of the greater permanency of resi-

dence, the good character and the ability to read which qualification as an elector imports and the information as to the individual's past history which it affords, this difference is one which is germane to the subject and purposes of the legislation in question. See *Tisdall Co.* v. *Board of Aldermen,* 57 R. I. 96, 113, 188 Atl. 648; *In re Application of Carragher,* 149 Iowa 225, 128 N. W. 352. The legislature might well consider that a permittee possessed of these attributes as to residence, character and education would be better qualified to properly conduct this inherently dangerous business than one who is not. The statute therefore, by eliminating everyone who has failed to qualify as an elector and so to demonstrate under the applicable provisions of law that he has these qualities, makes for the selection of a higher standard of permittee, which is clearly in the public interest. The beneficial effect of the statute as related to the requirements concerning residence and the filing of information is likewise apparent, in view of the probable aid to supervision and control afforded thereby. We therefore conclude that the requirement of § 462f that a person must be an elector to become a permittee is not arbitrary, unreasonable or discriminatory, and that it violates no constitutional right of the plaintiff.

To the first and second questions propounded to us in the reservation, our answer is no. No costs will be taxed in this court.

In this opinion the other judges concurred.