SIDNEY EDER *v.* RUSSELL L. PATTERSON ET AL., LIQUOR CONTROL COMMISSION.

ANTHONY M. POLO *v.* RUSSELL L. PATTERSON ET AL., LIQUOR CONTROL COMMISSION.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued April 4—decided May 17, 1945.

*Leo V. Gaffney,* with whom was *E. Gaynor Brennan,* for the appellants (plaintiffs).

*Thomas J. Conroy,* assistant attorney general, with whom, on the brief, was *Francis A. Pallotti,* attorney general, for the appellees (defendants).

JENNINGS, J. These appeals were argued together. The reasons of appeal alleged that the defendant refused to renew the plaintiffs' wholesale liquor permits on the ground of unsuitability of backer. The answers admitted these allegations. The appeals were defective because, while the answers admitted that the permits were revoked on the grounds stated, they did not admit that the facts on which the revocations were based as stated in the complaints were true. The situation was further complicated because the statements of the reasons for revocation contained not only facts but also conclusions. In an attempt to remedy this difficulty further admissions were made in oral argument which can only be taken to mean that the statements of facts in the reasons given by the defendant for refusing to renew the permits, as distinguished from the conclusions, were true. Judgments on the pleadings were rendered dismissing the appeals.

In the Eder case, Cohen Brothers of Greenwich, Inc., was the backer. The reasons given for finding the backer unsuitable were as follows: "a. 37% of the stock of Cohen Brothers of Greenwich, Inc., is owned by Mayer H. Cohen, who is the backer on the follow-

ing permits: P401 Walter Munger, permittee, 147 Greenwich Avenue, Greenwich. Pb187R Morris Steinberg, permittee, 143-149 Greenwich Avenue, Greenwich. Pb634R Douglas Bolling, permittee, 69 Greenwich Avenue, Greenwich. b. 26% of the stock is owned by Morris Steinberg, an employee of and permittee for Mayer H. Cohen. c. This evidences the fact that Mayer H. Cohen and his employee, because of an ownership of 63% of the outstanding stock of Cohen Brothers of Greenwich, Inc., would be a controlling interest in the conduct of such Cohen Brothers of Greenwich, Inc., and, because of this 63% interest, despite the corporate entity of the backer, it would be tantamount to a violation of Section 968e of the 1939 Supplement to the General Statutes which prohibits the backer or permittee of one class of permit from being the backer or permittee of another class of permit, and, further, a complete violation of the spirit of the Liquor Control Act as expressed by Section 968e aimed at the legislative intent to eliminate the so-called 'tied-house' evil."

In the Polo case, allegations that the plaintiff was a suitable person and that the Liquor Exchange, Inc., a Connecticut corporation, was his backer were admitted in the answer. The reasons given for finding the backer unsuitable were as follows: "a. 49% of the stock of Liquor Exchange, Inc., is owned by John Picone who is the backer on the following package store permits: [naming several, including one to Walter E. Kahn.] b. 1% of the stock is owned by Walter Kahn, an employee of and permittee for John Picone. c. This evidences the fact that Picone and his employee, because of an ownership of one-half of the outstanding stock of Liquor Exchange, Inc., would be a controlling interest in the conduct of such Liquor Exchange, Inc., and, because of this 50% interest, de-

spite the corporate entity of the backer, it would be tantamount to a violation of Section 968e of the 1939 Supplement to the General Statutes which prohibits the backer or permittee of one class of permit from being the backer or permittee of another class of permit, and, further, a complete violation of the spirit of the Liquor Control Act as expressed by Section 968e aimed at the legislative intent to eliminate the so-called 'tied-house' evil."

There is no finding in either case. The parties join, however, in a request that we pass on the fundamental issue in spite of the defects in the record. We are justified in following the parties in that regard. Conn. App. Proc., § 22. That issue is, do the facts stated in the reasons for finding the backer unsuitable permit the commission to disregard the corporate entities of the backers and consider the backers of both the plaintiffs and of the package stores, in effect, the individuals Cohen and Picone within the meaning of General Statutes, Cum. Sup. 1939, § 968e. The purpose of this statute is to prohibit the backer or permittee of one class of permit from being the backer or permittee of another class. Neither of these men owned a majority of the stock in the backer corporations. It cannot be held as a matter of law that they were in control. Cohen's holdings, with those of his permittee, would amount to 63 per cent of the stock of the corporate backer, and Picone's to 50 per cent. In the absence of any further evidence of the relationship between Cohen and Picone and their respective permittees, the former cannot be held as a matter of law to have such control of the corporations as to justify a disregard of the corporate entities; *Hoffman Wall Paper Co.* v. *Hartford*, 114 Conn. 531, 535, 159 Atl. 346; although such control might be found to exist as a matter of fact if facts relevant to that claim were

available in the record. *Hoffman Wall Paper Co.* v. *Hartford,* supra, 534; *New Haven Metal & Heating Supply Co.* v. *Danaher,* 128 Conn. 213, 218, 21 Atl. (2d) 383; *United States* v. *Northern Securities Co.,* 120 Fed. 721, 726, aff'd, 193 U.S. 197, 24 Sup. Ct. 436; *Rochester Telephone Corporation* v. *United States,* 23 Fed. Sup. 634, 636; *Unemployment Commission* v. *Androscoggin,* 137 Me. 154, 161, 16 Atl. (2d) 252. Since no such facts are found, the inference is without support.

In other words, it does not appear on this record that either Cohen or Picone controlled the corporate backers in fact or in law. It follows that the only reason given for its action by the commission and the only one apparent on this record was invalid. The commission was correct in concluding that the statute is directed against the "tied-house"; *State* v. *Zazzaro,* 128 Conn. 160, 20 Atl. (2d) 737; but such subordinate facts as are available do not sustain its conclusion that the backers of the plaintiff wholesalers and the backers of the retail package stores who were stockholders in the backer corporations were in effect one person. It must be held that the decision of the commission was unwarranted in law and an abuse of discretion and that both appeals should have been sustained on that ground.

In view of this conclusion, it is unnecessary to consider the defense of res judicata filed in the Eder case.

There is error on both appeals, the judgments are set aside and the cases are remanded to the Court of Common Pleas with direction to sustain the appeals.

In this opinion ELLS and DICKENSON, Js., concurred.

MALTBIE, C. J. (concurring). While I agree with the result stated in this opinion, I would like to add

this: If it appeared that a backer of one permittee owned more than 50 per cent of the stock of a corporation which was a backer of another permittee of another class, I think the commission would be justified in at least a prima facie conclusion that there was a violation of the statute. It seems to me that this follows from the decisions cited in the majority opinion. Thus, in *Rochester Telephone Corporation* v. *United States,* supra, it is said: "Usually the management of corporate affairs is vested in the stockholders and where a majority of the voting stock is owned by another corporation, the control of the first company resides there." In *United States* v. *Northern Securities Co.,* supra, the court cited a number of cases which it said distinctly recognized the fact that "the ownership of a majority of the capital stock of a corporation gives one the mastery and control of the corporation." The difficulty with the application of this principle to the cases here is that neither presented a situation where the individual backer owned a majority of stock in the corporate backer. The mere finding that one who was an "employee and permittee" of the backer also owned certain stock, without more, was not, in my judgment, sufficient in itself to show that the backer could so command that stock as to give him control of the corporation, although particular circumstances might justify a conclusion of the commission that this was so.

In this opinion BROWN, J., concurred.