The trial of this appeal from the action of the defendant board in granting a certificate of occupancy to the defendants Thomas L. and Ella Haynes, owners of Lot 16 on the west side of Main Street, Old Lyme, for use of a package store in a building thereon by the Atlantic Pacific Tea Company was heard at Norwich on March 16, 1948. Counsel have since submitted carefully prepared briefs which have been examined by the court.
In a case of this character there is a temptation to write a lengthy memorandum considering in detail the facts and the law deemed applicable. The preparation of such a memorandum necessarily requires time and too often serves no practical purpose. Hence the within memorandum is designed to be sufficiently short to be readable and sufficiently long to cover the essential points in controversy. This method will result in the entering of a judgment not too far removed from the trial of the issues as to penalize the winning side by an unconscionable passage of *Page 363 
time. Trial judges as a class tend to delay the releasing of decisions in the hope that further thought will bring greater light upon the subjects under consideration. Unfortunately this is not always true and as a consequence the right of appellate review accorded the losing side is delayed longer than need be.
At the trial the minutes of the defendant board of September 16 and September 23, 1947, were offered in evidence (Exhibits A and B), and, in addition, the court heard further evidence. The pertinent portion of the minutes of September 23 reads: "At the executive session it was unanimously voted to grant nonconforming use of premises owned by Thomas Haynes and Ella Haynes, known as the beauty shop on Lot 16, Main Street, for use as a package store conditioned upon and effective with the abandonment of the right to sell alcoholic beverages on the premises now occupied by the A. P. Co. This non-conforming use is granted for a period of five years and the area of the new location shall not exceed 350 square feet of store space and no outside signs shall be erected."
The plaintiff was the only one present at the hearings who objected to the granting of the application. He has appealed the action of the defendant board on the following grounds: (1) the premises to which the granted certificate relates are within 1500 feet of other premises presently used for the sale of alcoholic liquor; (2) the granting of the certificate is in violation of the zoning ordinance of Old Lyme which prohibits the use of any building or premises for the sale of alcoholic liquor if entrance to such building or premises be within 1500 feet of an already existing liquor outlet; (3) the defendant board in granting the certificate in question has acted arbitrarily, illegally and in abuse of its discretion.
Section 7B(b) of the zoning ordinance (Exhibit C) of the town of Old Lyme reads, so far as is material to this case: "No building or premises shall be used either in whole or in part for the sale of alcoholic liquor ... if any entrance to such building or premises shall be within 1500 feet in a direct line from the entrance to any other building or premises which shall be used for sale of alcoholic liquor under ... permit issued by the Liquor Control Commission."
Section 10 thereof confers upon the defendant board in "specific cases" the power to "determine and vary the application of the Regulations." Subsection 7 of § 10 reads in its *Page 364 
full context: "Where there are practical difficulties in the interpretation or unnecessary hardships in the way of carrying out the strict letter of any provision of these Regulations, the Board of Appeals shall have the power, in a specific case, to vary any such provision in harmony with its general purpose and intent so that the public health, safety and general welfare may be secured and substantial justice done."
The initial question concerns the status of the plaintiff. That question is whether the plaintiff in law occupies the status of an aggrieved person as to be entitled to prosecute this appeal under the statute. Paragraph 3 of the complaint, which is denied by the defendants in their answers, alleges that "The plaintiff is a property owner and elector and a taxpayer of said Town of Old Lyme and is aggrieved by the action of said Board."
It has been made to appear that the plaintiff is an officer in and owner of 53 per cent of the stock of the Colonial Wine Sellers, a Connecticut corporation, operating a package store in a building located 450 feet south in a direct line on Main Street of the premises in question.
The appeal to this court is under § 429 of the General Statutes, which gives the right of appeal to any person "aggrieved by any decision" of a zoning board of the character of the defendant board. Neither the plaintiff nor the corporation in which he is an officer and stockholder owns the premises upon which the corporation conducts a package store. The defendant board in its brief makes this statement: "There is no evidence in the record which discloses that the plaintiff, John Danenhower, is an elector of the Town of Old Lyme, a property owner of the Town of Old Lyme, or that the corporation is a property owner of the Town of Old Lyme. As a matter of fact the evidence discloses that the corporation leases the property occupied by it for its place of business. The plaintiff is not even the permittee of this corporation.... Nowhere in the evidence does it appear that there was any action by the Board of Directors [of the corporation] which would authorize the taking of this appeal [by the plaintiff.]"
The statement quoted is substantially correct. That the plaintiff feels aggrieved in a pecuniary sense as an officer in and stockholder of a nearby corporate business competitor is implicit in his testimony. This is not deemed sufficient by the court. Such *Page 365 
cases as Beard's Appeal, 64 Conn. 526, and Eder v. Patterson,132 Conn. 152, cited by the plaintiff in support of his position as an individual and majority stockholder, are not persuasive. The court concludes that the initial question should be decided adversely to the plaintiff.
It is deemed desirable, however, to consider the propriety of the defendant board's action in anticipation of an appeal of all questions involved to the Supreme Court. In this connection the court will assume but not concede that the plaintiff is an aggrieved person within the meaning of the law.
The following facts are pertinent: For many years the Atlantic Pacific Tea Company has been conducting a general store on property adjoining the southerly side of the property on Main Street upon which stands the building to which the certificate in question relates. In a small area therein this company has been conducting a package store unit. Some 400 or more feet south of this store there is another package store called the Colonial Wine Sellers to which reference has already been made. Notwithstanding the fact that these two liquor outlets are within 1500 feet of each other, their location is not violative of the ordinance in view of the length of time they have been operating, which antedates the adoption of the zoning restriction. The removal of the package store unit of the Atlantic Pacific Tea Company to the building upon the adjoining premises, some thirty feet north, is designed to relieve congestion in the store itself and not for the purpose of transacting a greater volume of business. When the removal of the package store unit is effected to the new location the use of the present location for a liquor outlet will be discontinued. Both the present and the proposed locations are in a business district.
It appears, therefore, that the application in question is not for the purpose of acquiring a new liquor outlet but rather for the removal of an already legally existing liquor outlet to new quarters upon adjoining property. In short, the neighborhood is not acquiring an additional outlet. This circumstance distinguishes the case from the situation appearing in Delaney
v. Zoning Board of Appeals, 134 Conn. 240, which involved an additional outlet within a prohibited distance.
The conclusion reached is that the defendant board in granting the certificate properly exercised its discretionary power under § 10(7) of the ordinance quoted earlier in this memorandum. *Page 366 
In Stavola v. Buckeley, 134 Conn. 186, 190, there appears this statement: "To justify a variation under such a provision in a zoning ordinance, it must appear that the change will not substantially affect the comprehensive plan of zoning in the municipality and that adherence to the strict letter of the ordinance will cause difficulties and hardships the imposition of which ... is unnecessary in order to carry out the general purpose of the plan." This statement when applied to the situation in the appeal at bar fortifies the action of the defendant board upon the subordinate facts.
 Judgment may enter affirming the action of the defendant board and dismissing the appeal. Costs attach in favor of the defendants as an incident of the judgment.