## GEORGE E. RUPPERT ET AL. *v.* LIQUOR CONTROL COMMISSION

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued March 5—decided April 22, 1952

*John J. Kinney, Jr.,* with whom were *Edward L. Reynolds, Jr.,* and, on the brief, *Walton E. Cronan,* for the appellants (plaintiffs).

*William L. Beers,* deputy attorney general, with whom, on the brief, was *George C. Conway,* attorney general, for the appellee (defendant).

BALDWIN, J. George E. Ruppert of New York City made application to the liquor control commission for the renewal of an out-of-state shipper's permit for beer only. Jacob Ruppert, a New York corporation, was the proposed backer. The New York corporation owns 748 out of a total of 750 shares of stock in Jacob Ruppert, Inc., a Connecticut corporation. This Connecticut corporation is presently the backer of four wholesaler permits for beer only issued to its branch managers at Bridgeport, Hamden, Hartford and Nor-

wich. The commission, acting pursuant to General Statutes, § 4266, denied the out-of-state shipper's permit to George E. Ruppert because of the identity of control or interest of his proposed backer and the backer of the wholesaler beer permits. The commission's action was affirmed by the Court of Common Pleas upon facts which were undisputed and based upon admissions in the pleadings and a certified transcript of the testimony before the commission, admitted under § 4277 of the General Statutes. George E. Ruppert and Jacob Ruppert, the New York corporation, have appealed.

The appeal presents two major issues for determination: the legal interpretation of General Statutes, § 4266, and its constitutionality as applied to these plaintiffs. If the section is to be interpreted as not applying to an out-of-state shipper's permit, or if it is unconstitutional, as the plaintiffs claim, the action of the commission in denying the permit is without legal sanction.

Section 4266 is set forth in full in a footnote.[1] The

[1] Sec. 4266. LIMITATION OF PERMITS. LOANS. No backer or permittee of one class shall be a backer or permittee of any other class except in the case of railroad and boat permits. No permittee or backer thereof and no employee or agent of such permittee or backer shall borrow money or receive credit in any form for a period in excess of thirty days, directly or indirectly, from any manufacturer permittee, or backer thereof, or from any wholesaler permittee, or backer thereof, of alcoholic liquor or from any member of the family of such manufacturer permittee or backer thereof or from any stockholder in a corporation manufacturing or wholesaling such liquor, and no manufacturer permittee or backer thereof or wholesaler permittee or backer thereof or member of the family of either of such permittees or of any such backer, and no stockholder of a corporation manufacturing or wholesaling such liquor shall lend money or otherwise extend credit, directly or indirectly, to any such permittee or backer thereof or to the employee or agent of any such permittee or backer. The commission shall revoke or suspend any permit for a violation of this section. An appeal from such order of revocation or suspension may be taken in accordance with section 4272.

plaintiffs direct their argument at the provision contained in the first sentence: "No backer or permittee of one class shall be a backer or permittee of any other class except in the case of railroad and boat permits." In considering the question of interpretation raised by the plaintiffs, we observe that the facts in the instant case are identical in their effect with those in *Downer* v. *Liquor Control Commission,* 134 Conn. 555, 59 A. 2d 290, wherein we sustained the commission in denying an application for a wholesaler beer permit which proposed as a backer one who was already the backer of an out-of-state shipper's permit for beer only. One exception should be noted. In the *Downer* case, Liebmann Breweries, Inc., a New York corporation, was the proposed backer upon an application for a wholesaler beer permit in Hartford. It was also the backer of a Connecticut out-of-state shipper's permit for beer only. In the case at bar, two separate corporations are involved as backers. The one, a Connecticut corporation, is already the backer of four wholesaler permits for beer only in this state. The other, one of the plaintiffs in this action, a New York corporation which owns and controls the Connecticut corporation, is the proposed backer upon an application for an out-of-state shipper's permit for beer only. The plaintiffs concede that to all practical intents and purposes the backers are one and the same, in spite of their separate corporate identities. See *Eder* v. *Patterson,* 132 Conn. 152, 155, 42 A. 2d 794; *United States* v. *Northern Securities Co.,* 120 F. 721, 726, aff'd, 193 U. S. 197, 24 S. Ct. 436, 48 L. Ed. 679. Their claim is that the prohibition contained in § 4266 was never intended by the legislature to apply to an out-of-state shipper's permit. They reason that such a permit allows sales only to wholesalers and manufacturers, whereas the statute was intended to deal only with the business

dealings of manufacturers or wholesalers with retail permittees. Much the same argument was advanced in the *Downer* case, supra, 559. We held in that case that the statute did apply. We have re-examined that decision and conclude that the interpretation we there gave to the statute is controlling in the case now before us.

The plaintiffs claim that, in so far as § 4266 applies to out-of-state shippers' permits, it violates the fourteenth amendment of the constitution of the United States because it is discriminatory and denies to them the equal protection of the laws and also deprives them of their property without due process of law. This precise question has not heretofore been before us. See *Downer* v. *Liquor Control Commission,* supra, 559; *State* v. *Zazzaro,* 128 Conn. 160, 165, 20 A. 2d 737. No question was raised in argument or brief concerning the right of the plaintiffs to attack the constitutionality of the statute under which they are making application for a permit. *Strain* v. *Zoning Board of Appeals,* 137 Conn. 36, 38, 74 A. 2d 462; see *Keating* v. *Patterson,* 132 Conn. 210, 215, 43 A. 2d 659. Since the question of constitutionality is before us and the parties have tried the cause as though it was properly so, we adopt the issue as framed by counsel because the question is one of public importance and it is desirable in the public interest to dispose of it. *Donovan* v. *Davis,* 85 Conn. 394, 399, 82 A. 1025; Maltbie, Conn. App. Proc., §§ 22, 44. The plaintiffs argue that by reason of the statute brewers resident in Connecticut have the privilege of manufacturing and wholesaling under one permit and with one backer, while a nonresident brewer must obtain an out-of-state shipper's permit to bring beer into the state and, in addition, must have a wholesaler permit, with another and different backer, to dis-

tribute it, and that the act denies him the privilege accorded to Connecticut residents.

The twenty-first amendment to the constitution of the United States allows the exercise of very broad police powers by the states with respect to alcoholic liquors. The states may absolutely prohibit the manufacture, transportation, sale or possession of such liquors within their borders or they may permit these activities under conditions prescribed by their legislatures. To these ends they can adopt such measures as they may deem reasonably appropriate. *Ziffrin, Inc.* v. *Reeves*, 308 U. S. 132, 138, 60 S. Ct. 163, 84 L. Ed. 128; *Francis* v. *Fitzpatrick*, 129 Conn. 619, 621, 30 A. 2d 552. Because of the danger to the public health and welfare inherent in the liquor traffic, the police power to regulate and control it runs broad and deep, much more so than the power to curb and direct ordinary business activity. *Mugler* v. *Kansas*, 123 U. S. 623, 662, 8 S. Ct. 273, 31 L. Ed. 205; *Crane* v. *Campbell*, 245 U. S. 304, 307, 38 S. Ct. 98, 62 L. Ed. 304; see *State* v. *Porter*, 94 Conn. 639, 643, 110 A. 59; *State* v. *Conlon*, 65 Conn. 478, 486, 33 A. 519; 30 Am. Jur. 278, § 40.

The Liquor Control Act, presently chapter 204 of the General Statutes, was adopted in the light of these well-recognized principles. In passing upon the question whether a state may legally adopt for nonresident liquor dealers regulations which are different from those imposed upon residents, the Supreme Court of the United States has described the broad power to regulate the liquor traffic possessed by the states in this concise language: "A classification recognized by the Twenty-first Amendment cannot be deemed forbidden by the Fourteenth." *State Board of Equalization* v. *Young's Market Co.*, 299 U. S. 59, 64, 57 S. Ct. 77, 81 L. Ed. 38; *Mahoney* v. *Joseph Triner Corporation*, 304 U. S. 401, 404, 58 S. Ct. 952, 82 L. Ed. 1424.

Moreover, the difference under the Connecticut act in its manner of dealing with a nonresident and with a resident manufacturer or wholesaler is not unreasonable. The resident is subject to heavy license fees (General Statutes § 4260), the approval of the location and plan of his place of business (§ 4238) and all the taxes and regulations that the state and local governments may impose upon his plant and operations. All these the nonresident in large part escapes simply by being beyond the borders of the state. There is no illegal discrimination where there is, as in this case, a natural and substantial difference, germane to the subject and purpose of the legislation, between those within one distinct class who are dealt with in one way and those within a separate, distinct class who are dealt with in another fashion. *Francis* v. *Fitzpatrick,* supra, 623; *State* v. *Cullum,* 110 Conn. 291, 295, 147 A. 804.

If we look at the question of discrimination from another point of view, it can be said that § 4266 does not, standing alone, work any discrimination as between residents and nonresidents engaged in the liquor business. In plain terms it prohibits any backer of one class of permit from being the backer of any other class of permit and thus imposes the same regulation upon residents and nonresidents alike. It is § 4241 that requires out-of-state shippers to obtain a permit to import beer into the state. By so doing it creates another class of permittee to which the provisions of § 4266 apply. For the reasons hereinbefore stated, such a classification is within the power of the legislature.

The plaintiffs point out that if the commission's ruling is sustained they will be required either to give up very substantial properties in the state, or to subject themselves to the taxes and expense of doing business through another nonresident having an out-of-

state shipper's permit and doing business in Connecticut, or to cease doing business here altogether. Any of these alternatives will result, they argue, in what amounts to a confiscation of their present property without due process of law. All property is held subject to the reasonable exercise of the police power in the interest of the public welfare. A police regulation, otherwise reasonable and valid, does not become invalid because it deprives one of the use or enjoyment of his property in the manner to which he has been accustomed. *State* v. *Heller*, 123 Conn. 492, 496, 196 A. 337; *State* v. *Hillman*, 110 Conn. 92, 105, 147 A. 294; *Windsor* v. *Whitney*, 95 Conn. 357, 367, 111 A. 354. The provision here involved as applied to an out-of-state shipper's permit is constitutional.

Our conclusion is that the expressed intention of the legislature is that the prohibitions contained in § 4266 should extend to every class of permit prescribed by statute and that so interpreted § 4266 is a constitutional exercise of the legislative power.

There is no error.

In this opinion the other judges concurred.