CLIFFORD N. HUTCHISON *v.* THE BOARD OF ZONING APPEALS OF THE TOWN OF STRATFORD ET AL.

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued June 12—decided August 14, 1951

*Robert E. Trevethan,* for the appellant (plaintiff).

*Milton H. Hausman,* for the appellee (named defendant).

*Adrian W. Maher,* for the appellee (defendant Ahern).

BROWN, C. J.   This is an appeal from a judgment of the Court of Common Pleas dismissing the plaintiff's appeal from the defendant board of zoning appeals of Stratford.   By its decision the defendant board had affirmed the action of the planning and zoning board granting permission to the defendant Ahern to construct and use a building on Stratford Road for a restaurant with full liquor license privileges.   Whether the permit so issued by the planning board was valid or a nullity is the question decisive of the present appeal to this court.

Ahern's premises are located on the westerly side of Stratford Road, fronting 360 feet on the highway and being 700 feet in depth. The Bridgeport airport bounds them on the north and west and St. Joseph's Cemetery on the south. Prior to March, 1946, the property was zoned as residence A and B. On February 15, 1946, Ahern petitioned the planning board to change the property to a light industrial zone. This petition was duly noticed for hearing and was heard by the planning board on March 20, 1946. After the public hearing, the planning board rendered a decision by which it changed the zone of so much of the property as bordered Stratford Road, to a depth of 500 feet, from a residence A and B zone to a business zone No. 1, and changed the remaining 200 feet to a light industrial zone. On February 15, 1946, and continuously ever since, the zoning regulations of the town of Stratford have provided in paragraph A of § 7 that alcoholic liquors can be sold only in a business zone.

In November, 1949, Ahern petitioned the planning board under paragraph K of § 7 of the regulations for its approval of a restaurant with full liquor license privileges on that portion of his premises which had been rezoned to business No. 1. After hearing duly held on December 7, 1949, the petition was granted. The plaintiff's appeal to the defendant board on the ground, among others, that the planning board's decision was "illegal" and "in violation of the express provisions of Section 7 of the Zoning Ordinance" was dismissed, as already stated. On the appeal from this decision, the court concluded that the validity of the action of the planning board in 1946 in changing the zone from residence A and B to business No. 1 could not be determined in the form of action adopted by the plaintiff in this proceeding and that the defendant board in refusing to reverse the action of the planning board

in granting Ahern's petition did not act arbitrarily, illegally or in the abuse of its discretion.

Whether the defendant board acted illegally depends upon whether or not the premises in question were located in a business zone. If they were not, the planning board, by reason of paragraph A of § 7 of the regulations, was without authority to issue the permit, and in consequence the defendant board could not legally approve such action. The regulations expressly provide the method for establishing any change in zone. Paragraph A of § 20 authorizes the planning board, either on its own motion or on application, to "establish new zone boundaries or amend, change or abandon existing zone boundaries in accordance with the provisions of Section 17." Section 17 provides that such changes may be made by the planning board under the following conditions and procedure: "1. A public hearing shall be held on any such action by the Planning Board or a duly appointed committee thereof of at least five members. 2. Notice of the time and place of such public hearing shall be published in a newspaper having a substantial circulation in the Town at least twice at intervals of not less than two days, the first not more than fifteen days and the last not less than two days before such hearing. . . . 6. Such . . . change . . . shall become effective at such time as the Planning Board shall state, provided notice thereof shall be published in a newspaper having a substantial circulation in the Town before such effective date." A change of zone boundaries may seriously affect the property rights of owners of land within the area involved. Naturally, provision must be made for properly safeguarding rights likely to be so jeopardized. The purpose of the provisions quoted as to notice and hearing is to meet this requirement.

Compliance with these provisions is a prerequisite

to any valid and effective change in zone boundaries. *National Transportation Co.* v. *Toquet*, 123 Conn. 468, 475, 196 A. 344; *Alderman* v. *West Haven*, 124 Conn. 391, 397, 200 A. 330; *State ex rel. DeGregorio* v. *Woodruff*, 135 Conn. 31, 34, 60 A. 2d 653; *Lordship Park Assn.* v. *Board of Zoning Appeals*, 137 Conn. 84, 90, 75 A. 2d 379. Failure to comply with any of the required steps constitutes a jurisdictional defect. *Keifer* v. *Bridgeport*, 68 Conn. 401, 411, 36 A. 801. It would result in lack of due process of law. *Hartford Trust Co.* v. *West Hartford*, 84 Conn. 646, 650, 81 A. 244. The underlying purpose of such requirements is "not to permit changes, exceptions or relaxations [in zoning regulations] except after such full notice as shall enable all those interested to know what is projected and to have opportunity to protest, and as shall insure fair presentation and consideration of all aspects of the proposed modification. This is not a technical requirement difficult of performance by the unwary. It is dictated by common sense for protection of an established neighborhood to be subject to change only after fair notice." *Kane* v. *Board of Appeals of Medford*, 273 Mass. 97, 104, 173 N. E. 1. No notice was given and no hearing was had in the instant case as to a change from a residence to a business zone. The only notice and hearing related to a petition for a change to a light industrial zone. Therefore, the action by the planning board in purporting to change the zone boundaries so as to include the area in a business instead of a residence zone was a nullity. It necessarily follows that its action in granting permission for a restaurant with full liquor license privileges in a residence zone was invalid as a direct violation of paragraph A of § 7 of the zoning regulations.

That no appeal was taken by the plaintiff from the planning board's action in purporting to change the

zone boundaries in 1946 does not affect his right of appeal in the present proceeding. So far as appears, he had neither notice of nor opportunity to be heard upon any proposed change of the nature attempted by the planning board. His rights were unaffected by that action, wherein the planning board had no jurisdiction. *Keifer* v. *Bridgeport,* supra. His appeal in the present proceeding from the action taken by the planning board in 1949 involves no collateral attack upon its earlier action but a direct attack upon its later action, which was clearly void and contrary to law. The appeal in no way challenges the validity of the zoning regulations but brings in question, incidentally, only the validity of the action attempted by the planning board thereunder. The case is clearly to be distinguished from *Chudnov* v. *Board of Appeals,* 113 Conn. 49, 57, 154 A. 161, cited by the court in its memorandum of decision, wherein the appellant under the zoning law attacked the constitutionality of its provisions. It is only when the appellant has sought some advantage under the ordinance, such as a permit or variation, and then attacks the validity of the ordinance under which he has sought relief that the rule in the *Chudnov* case applies. The defendant board should have sustained the plaintiff's appeal, and the court erred in dismissing his appeal from the board's failure to do so.

The fact, as found by the court, that the plaintiff had knowledge for more than three years prior to December 7, 1949, that the purported change of zone had been made did not affect his rights. In the absence of the required notice and hearing in 1946, he was under no duty to act. Neither is he precluded from a right to relief by reason of his failure to offer evidence before the trial court that he was aggrieved by the planning board's 1946 action. The contention that the com-

plaint should have so alleged was disposed of by the court's overruling of the defendants' pleas in abatement raising that question. A reference to that memorandum shows that it was then decided that the fact that the plaintiff was a resident of Stratford was sufficient to give him a standing to maintain this action. Whether or not that is good law, the ruling established it as the law of this case.

There is error, the judgment is set aside, and the court is directed to enter judgment sustaining the plaintiff's appeal.

In this opinion the other judges concurred.