[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The defendant, Redding Zoning Commission, has filed a motion to dismiss the appeal under section 8-8(j) of the General Statutes on the ground that the plaintiff has failed to take the appeal within fifteen days from the date that a notice of the Commission's decision was published, as required by section 8-8(b). The plaintiff counters that the legal notice was deficient because it failed to give notice that a special permit was approved as well as a site plan, and that the Commission failed to publish notice of approval of the site plan within fifteen days after the decision was made, as required by section 8-3c(b) of the General Statutes. CT Page 2438
Where a motion to dismiss raises issues of fact, a hearing is required to determine the facts. Sagamore Group, Inc. v. Commissioner of Transportation, 29 Conn. App. 292,298. However, where there is no genuine issue as to a material fact, a hearing is not required because the motion merely presents a question of law as applied to the facts well pleaded. Id. An affidavit of publication with a copy of the legal notice was attached to the motion to dismiss. In addition, the parties stipulated that the court could consider the Redding Zoning Regulations, and a copy of them has been filed. The parties waived the right to present other evidence.
The legal notice states that the Redding Zoning Commission approved the site plan application of Walter Bloom and Richard Bloom, Starrs Ridge Road, for a summer day camp on November 18, 1982. The legal notice was published in the Redding Pilot on December 3, 1992, but does not state that the Commission also approved the related special permit application of Walter Bloom and Richard Bloom with conditions. The appeal was served on the defendants on December 24, 1992. An appeal is commenced when the citation and appeal are served upon the agency. Valley Cable Vision, Inc. v. Public Utilities Commission, 175 Conn. 30, 33. Section 8-8(b) requires the appeal to be served within fifteen days from the date that notice of the decision was published, and failure to take the appeal within the fifteen day statutory time limit goes to subject matter jurisdiction. Bridgeport Bowl-O-Rama, Inc. v. Zoning Board of Appeals,195 Conn. 276, 281, 283; Cardoza v. Zoning Commission, 211 Conn. 78,82. Since publication of a legal notice occurred on December 3, 1992, the appeal was not taken until twenty-one days after publication of the legal notice, and is too late.
Although the appeal was late, the plaintiff contends that the Commission failed to publish notice of approval of the special permit application, and that the legal notice referring only to the site plan was misleading. Notice of approval of a decision of an administrative agency must adequately apprise interested persons of the action taken by the agency. Hubbard v. Planning Commission, 151 Conn. 269,271, 272. The notice must sufficiently allow a reader of it to form an opinion as to whether the decision referred to presents an appealable issue. Id. That is determined from the notice as a whole, and the notice must also allow a CT Page 2439 reasonable opportunity to obtain the information required to decide whether to appeal the decision if the notice refers to other sources. Bridgeport Bowl-O-Rama v. Zoning Board of Appeals, supra, 282. Whether a post-hearing notice is adequate is a question of fact. The question is whether the plaintiff had "notice adequate to ensure a reasonable opportunity within the applicable time constraints to obtain the information required to form an opinion whether or not to appeal." Id., 282. In some cases, a general statement in the legal notice will be sufficient, particularly where it refers to a zone change or change in zoning regulations. Neuger v. Zoning Board, 145 Conn. 625, 630; Dupont v. Planning Zoning Commission, 156 Conn. 213, 218; Kleinsmith v. Planning Zoning Commission, 157 Conn. 303, 310. However, a legal notice is defective if it is misleading. Welles v. Town of East Windsor, 185 Conn. 556. Most of the Connecticut decisions concern pre-hearing legal notice, a related subject. There, also, the notice must not be misleading or provide no information about the matter before the agency or the location of the property involved. See Peters v. Environmental Protection Board, 25 Conn. App. 164,169; Cocivi v. Plan Zoning Commission, 20 Conn. App. 705,708; Friends of Eccleston Brook v. Planning Zoning Commission of Groton, 5 Conn. Super. Ct. Rpts. 807, 809 (1990) (map references incorrect, wrong roadways referred to and acreage inaccurately stated). While the notice may not be misleading, it does not have to be exact. R.B. Kent Son, Inc. v. Planning Commission, 21 Conn. App. 370, 378. In Danseyar v. Zoning Board of Appeals, 164 Conn. 325, even though the notice of a public hearing before the board incorrectly described an appeal as a petition for a variance, the notice was adequate because considered in its entirety it clearly disclosed the purpose of the proceeding.
In this case, the Bloom application heard by the Zoning Commission involved both a special permit and a site plan. The defendants argue that the legal notice indicating approval of a site plan amounted to notice of approval of both a site plan and special permit even though the legal notice made no reference to the special permit. While in some cases a site plan can be considered inseparable from a special permit application, SSM Associates Limited Partnership v. Plan Zoning Commission, 15 Conn. App. 561,566, aff'd, 211 Conn. 331, 334, site plans are governed by section 8-3(g) of the General Statutes, while section 8-3c
CT Page 2440 controls special permit applications to a zoning commission. The procedures for processing of special permits and site plans in those statutes are different as a review of them and section 8-7d, subsections (a) and (b) discloses. The proposed use of the property here required a special permit. Extensive regulations for special permits are contained in section 5.1 of the Redding Zoning Regulations. One of the requirements, although there are numerous other ones, are a complete site plan complying with section 5.2. Section 5.1.1(b). Site plans are required in nonresidential zones and where required by section 5.1. Section 5.2. Although interrelated, they are separate approvals. When reviewing a site plan, a zoning commission has no independent discretion beyond determining whether the plan complies with the zoning regulations. Section 8-3(g) of the General Statutes; Norwich v. Norwalk Wilbert Vault Co, 208 Conn. 1, 13; Barberino Realty Development Corp. v. Planning Zoning Commission,25 Conn. App. 392, 397. A zoning commission acting on a special permit must determine not only whether the proposed use of the property is expressly permitted under the zoning regulations, but also whether the standards in the regulations are satisfied, and whether conditions necessary to protect the public and property values can be established. Housatonic Terminal Corporation v. Planning Zoning Board,168 Conn. 304, 307; A.P. W. Holding Corporation v. Planning Zoning Board, 167 Conn. 182, 185. Thus an application may meet the site plan requirements, but the Commission may still have discretion to deny the special permit. In other words, the Commission could approve a site plan application and deny or defer a decision on the special permit, allowing the submission of a new special permit application.
Members of the public, including the plaintiff, are not under the circumstances given notice of approval of a special permit by a legal notice referring only to approval of a site plan application. The notice was adequate as to approval of the site plan, but inadequate on approval of the special permit.
This court has no jurisdiction to consider this appeal as an attempt to review the site plan, because it was taken beyond the fifteen day time limit in section 8-8(b). Even though it may in fact have been approved, there is nothing in the record before the court at this time to show that the Commission approved the special permit when it approved the CT Page 2441 site plan on November 18, 1992. The appeal itself makes reference to the special permit, but does not state whether it is an appeal from the special permit, site plan or both. An appeal can be taken within fifteen days of publication of a legal notice of approval of a special permit, but the Commission never published a legal notice of approval of the special permit. In failing to do so, the Commission failed to comply with sections 8-3c(b) of the General Statutes, which requires it to publish notice of the decision within fifteen days after it has been made. Under the same statute, the person who applied for the special permit can publish a legal notice within ten days thereafter, but the defendants make no claim that this occurred either. Where a land use agency fails to publish notice of the decision within the time limits in a statute, the decision is invalid. Akin v. Norwalk, 163 Conn. 68, 73, 74 (subdivision appeal under section 8-28); Hyatt v. Zoning Board of Appeals, 163 Conn. 379,387 (variance appeal under section 8-8). There is no material difference with failure to publish notice of approval of a special permit. Both variances and special permits are appealed under section 8-8, and the failure to publish a legal notice of approval of a variance complying with section 8-7 was a fatal defect in the Hyatt case. Failure to publish notice of the approval of the special permit made that decision null and void. Akin v. Norwalk, supra, 74.
Even though the special permit is invalid because of failure to publish the legal notice, any appeal from the Commission's decision is premature. Section 8-8 allows an appeal within fifteen days of publication of the legal notice, Cardoza v. Zoning Commission, 211 Conn. 78, 81. The statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created. Id., 82; Bridgeport Bowl-O-Rama, Inc. v. Zoning Board of Appeals, supra, 283. Under the circumstances here, approval of the special permit was not appealable when this appeal was taken and the court has no jurisdiction over it.
The motion to dismiss is granted.
Robert A. Fuller, Judge CT Page 2442