[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This appeal is taken by the plaintiff, Frank R. Frumento, from the denial of his subdivision application by the defendant, the Planning and Zoning Commission of the town of West Haven. This appeal should be dismissed.
On February 12, 1992, plaintiff submitted an application to the planning and zoning commission of West Haven, requesting approval to subdivide a parcel of property, located at 103 Annawon Avenue in West Haven, Connecticut. A letter, dated February 12, 1992, was also submitted, requesting a waiver from 114-3 of the city's planning and zoning regulations ("regulations"); Section 114-3 governs lot lines and lot sizes in West Haven. Subsequently, plaintiff purchased the parcel from the record owner, the Masonic Charity Foundation of Connecticut.
Apparently, the commission had previously considered this CT Page 11396 application, but defendant represents that "[f]or reasons not germane to this appeal," the initial hearings, and the commission's original decision, were appealed, and that appeal resulted in a stipulated judgment which required a rehearing.
On September 22, 1992 a public hearing was commenced to consider plaintiff's application for the five-lot subdivision. During this proceeding, it was decided to continue the hearing, at a later date, at the site of the proposed subdivision for the purpose of gathering further information.
The hearing did reconvene at the site of the proposed subdivision on October 3, 1992 at 10:00 a.m. Upon closing this portion of the public hearing, the commission chairman stated that the hearing would be continued on October 13, 1992.
The public hearing recommenced on October 13, 1992. After the public hearing was closed, a commissioner moved "that the proposal be denied based on the adverse effect of [sic] the community, the neighboring property and the general health, safety and welfare of the community." The members of the commission then unanimously voted to deny plaintiff's application. Plaintiff was notified of defendant's decision by certified letter dated October 16, 1992.
Plaintiff appeals from the denial of the application on the basis that the October 3, 1992 public hearing was illegal because a portion of the hearing was held at a location "not noticed by the Commission." Plaintiff also appeals on the ground that the record fails to support defendant's decision.
General Statutes 8-8 governs appeals from zoning boards to the superior court, and, in order to take advantage of a statutory right of appeal, parties must comply strictly with the statutory provisions that create such a right. Simko v. Zoning Board of Appeals, 206 Conn. 374, 377. The statutory provisions are mandatory and jurisdictional in nature, and failure to comply may result in dismissal of the appeal. Id.
Aggrievement is a jurisdictional matter and it is a prerequisite to maintaining an appeal. Winchester Woods Associates v. Planning Zoning Commission, 219 Conn. 303,307. CT Page 11397
General Statutes 8-8(b) provides that "any person aggrieved by any decision of a board may take an appeal to the superior court for the judicial district in which the municipality is located." A court may make a finding of aggrievement based upon plaintiff's status as owner of the subject property. Winchester Woods Associates v. Planning 
Zoning Commission, supra, 308.
In the present case, plaintiff has tendered a certified copy of a warranty deed evincing his ownership of the subject parcel.
Based on the record, the plaintiff is aggrieved.
General Statutes 8-28 requires that notice of an official action or decision of a planning commission "not limited to those relating to the approval or denial of subdivision plans, shall be published in a newspaper having substantial circulation in the municipality within fifteen days after such action or decision." General Statutes 8-8(b) further provides that an appeal must be commenced within fifteen days from the date that the notice of decision is published.
Originally, the record submitted to the court did not contain any evidence of the publication of the commission's final decision. However, General Statutes 8-8(k) provides, in certain circumstances, that the court "shall allow any party to introduce evidence in addition to the contents of the record. . . ."
Accordingly, this court conducted a supplemental hearing on November 9, 1993 to ascertain the following: (1) whether record evidence of notice of the commission's final decision existed; (2) whether notice of the October 3, 1992 continued hearing was provided; (3) if the parties wished to brief the issue of whether notice of the October 3, 1992 was required; and, if so, what statute controls such notice. The court ordered the parties to file simultaneous briefs on November 23, 1992.
On November 9, 1993, defendant submitted an affidavit of publication of its final decision on plaintiff's application. The affidavit states that notice of the commission's denial of plaintiff's application was published in The New Haven CT Page 11398 Register on October 22, 1992. Plaintiff commenced this appeal on November 2, 1992; therefore, plaintiff commenced this appeal in a timely manner.
General Statutes 8-8(e) provides that service of process for an appeal "shall be directed to a proper officer and shall be made by leaving a true and attested copy of the process with, or at the usual place of abode of, the chairman or clerk of the board, and by leaving a true and attested copy with the clerk of the municipality."
The sheriff's return indicates that the West Haven town clerk, and the chairman of the planning and zoning commission were served on November 2, 1992. Accordingly, on the record, plaintiff has complied with the statutory service of process requirements.
A trial court may grant relief on an appeal from a decision of an administrative authority only where the authority has acted illegally, arbitrarily, or has abused its discretion; Raybestos-Manhattan, Inc. v. Planning Zoning Commission, 186 Conn. 466, 470; and "[t]he burden of proof is on the plaintiff to demonstrate that the board acted improperly." Spero v. Zoning Board of Appeals, 217 Conn. 435,440. If a zoning authority fails to provide the reasons for its decision, the court must review the record "to find a basis for the commission's decision." Double I Limited Partnership v. Plan Zoning Commission, 218 Conn. 65, 73.
During the September 22, 1992 hearing, it was decided to continue the hearing at a later date at the site of the proposed subdivision. Accordingly, a motion was presented and seconded to continue the hearing at 103 Annawon Avenue on Saturday, October 3rd, at 10:00 a.m.
Plaintiff argues that the October 3, 1992 public hearing was illegal because a portion of the hearing was conducted "at a location not noticed by the Commission[,]" and plaintiff further contends that "[n]o evidence of publication was returned by the defendant with the record." Plaintiff concludes that "based only upon the record before us, it is clear that although the meeting was noticed and continued to 103 Annawon Avenue, the premises, it was moved to another site once at that location, without notice." CT Page 11399
On June 2, 1993, defendant filed a motion to supplement the record with a copy of the October 3, 1992 meeting notice. However, defendant did not attach a copy of the notice to the motion, but attached a document that appears to be minutes of the October 3, 1992 hearing.
After this "error" was brought to the court's attention, the court conducted said supplemental hearing to determine, in part, whether notice had been given of the October 3, 1992 on-site review. Accordingly, defendant submitted an affidavit of publication which states that notice of the commission's decision to hold an on-site review was published in The New Haven Register on October 1, 1992. The affidavit incorporates a copy of the notice. The legible portion of the copy of this published notice indicates that a decision was made at the September 22, 1992 "regular meeting," concerning plaintiff's application for a subdivision at 103 Annawon Avenue located in the West Shore Taxation District, and that the decision was to continue the meeting at 103 Annawon Avenue on Saturday, October 3, 1992 at 10:00 a.m. for an on-site review.
Defects in notice may implicate the subject matter jurisdiction of the court, and subject matter jurisdiction is not waivable, nor can it be conferred by consent. Koepke v. Zoning Board of Appeals, 223 Conn. 171, 175.
Section 112-1(c) of West Haven's Planning and Zoning Regulations provides that a public hearing on a proposed subdivision "maybe held at the discretion of the Planning and Zoning Commission in accordance with the procedures set forth in Chapter 126 of the General Statutes of the State of Connecticut, Revision of 1958, as amended. . . ."
General Statutes 8-26 governs the approval of subdivision plans, and it states, in part, that:
 [t]he commission may hold a public hearing regarding any subdivision proposal if, in its judgment, the specific circumstances require such action. No plan of resubdivision shall be acted upon by the commission without a public hearing. Notice of the public hearing shall be given by publication in a newspaper of general circulation in the municipality at least twice at intervals of not less than two days, the first not more than CT Page 11400 fifteen days, nor less than ten days, and the last not less than two days prior to the date of such hearing. . . .
Section 8-26d(a) further provides that when a hearing is held on such a matter, the hearing shall be completed within thirty days after the hearing commences, and a decision on the application must be rendered within sixty-five days after the hearing is completed. In his supplemental brief, plaintiff contends that a continued planning and zoning meeting is subject to the notice requirements of 8-26. Plaintiff observes that defendant failed to comply with the statutory notice requirements because defendant published only one notice of the continued meeting two days prior to the meeting, and failed to send a copy of the notice to plaintiff.
Defendant, in its supplemental brief, counters that "there is no issue raised as to the publication of notice[,]" and that the only remaining issue is whether the commission acted illegally when it viewed the adjacent property during the October 3, 1992 public hearing.
Although 8-26 provides publication and time requirements for a public hearing, the statute is silent concerning notice requirements for a continuation of a public hearing. The notice provisions of 8-26 apply only to the initial public hearing, and do not apply to the continuation of the public hearing.
Section 8-26 "does not authorize multiple public hearings in connection with a single subdivision proposal." Gervasi v. Town Plan Zoning Commission, 184 Conn. 450, 453. However, there is no statutory limitation "on how many dates the hearing can be continued to as long as it is completed within the time limits." R. Fuller, Connecticut Practice, Vol. 9, Land Use Law and Practice, 20.4, p. 348.
As stated previously, during the September 22, 1992 hearing, a decision was made to continue the hearing, at a later date, at the site of the proposed subdivision. The city planner, Jim Hill, recommended that "if the special meeting is to be held notify my office and we can post a notice of the meeting 24 hours prior." Hill observed that:
If you choose to [hold a special meeting] Mr. CT Page 11401 Frumento as applicant and his agent and representative would have to be present and any of the public here tonight or the general public in that area would have the ability to be there as well. If you are going to do that, I would suggest that you do that tonight and set a date so that the people that are here who have spoken on this issue would know this evening whether or not this will take place and have an opportunity to be there as well as Mr. Frumento and his representatives. That would afford everyone an opportunity to physically see what has been addressed here this evening and it would afford the Commission to have answered questions concerning what they see on the site. It would give Mr. Frumento an opportunity to explain his possission [sic] and point out how he would correct the problem that had been pointed out and it would give the neighbors [an opportunity] to point out there [sic] problems and concern[s].
Hill emphasized that "the main thing that I hear comming [sic] from the opposition tonight is drainage and the problem of what is going to happen if this property is developed. . . ."
The record reveals that the following colloquy occurred during the September 22, 1992 public hearing:
 Commissioner Joe Paceoni: Mr. Chairman, I move that we have a special meeting . . . continuation of this meeting, this Public Hearing on October 3rd, Saturday at 10:00 a.m. in the morning to continue this hearing with the board on this matter.
Chairman Sweeney: At 103 Annawon Avenue.
 Commissioner Joe Paceoni: at 103 Annawon Avenu [sic] 10:00 a.m.
City Planner, Jim Hill: The location will be at 103 Annawon.
 Chairman Sweeney: Okay now is there a second to that motion? CT Page 11402
Unidentified: I second it.
In the present case, defendant published notice of the September 22, 1992 initial hearing in The New Haven Register on September 11, 1992 and September 18, 1992; and defendant noticed the time, location and subject matter of the October 3, 1992 hearing continuation on the record. In addition, defendant published notice of the October 3, 1992 continued hearing in The New Haven Register on October 1, 1992.
Section 8-26d(a), which provides that a hearing must be completed within thirty days after it commences, contemplates the possibility that hearing continuations may be necessary. However, this section does not contain any notice requirements for continued hearings, nor does this section restrict the number of continuations that a commission may schedule within the thirty-day period.
Defendant complied with the statutory notice requirements of 8-26 by properly publishing notice of the initial hearing. The purpose of the notice requirement is to advise all affected parties of their opportunity to be heard and to be apprised of the relief sought; Schwartz v. Hamden,168 Conn. 8, 14. Notice of the initial hearing did advise "all affected parties of their opportunity to be heard and to be apprised of the relief sought"; Schwartz v. Hamden, supra, 14; and that individuals who availed themselves of the opportunity to attend the initial hearing would have been sufficiently apprised of the subject, time, and location of the October 3, 1992 continued hearing.
Plaintiff further argues that "even if the notice was properly published, the notice itself is inadequate." Plaintiff contends that the continued hearing was illegal because a portion of the hearing was conducted "at a location not noticed by the Commission."
The hearing was reconvened at 103 Annawon Avenue on October 3, 1992 at 10:00 A.M., and plaintiff, and his attorney, both attended the hearing. The October 3, 1992 meeting was taped, although much of it could not be transcribed because the voices on the tape were inaudible. The transcript does reveal, however, that midway through the hearing the attendees moved to one of the neighboring properties. Plaintiff did not object at that time; however, CT Page 11403 when a subsequent suggestion was made to move the meeting to yet another location, plaintiff's attorney stated that she would "object to moving the meeting to any other locations at this point." The city planner acknowledged that the "meeting was published at 103 Annawon[,]" and, plaintiff's attorney commented that:
 The meeting was published at 103 Annawon and the reason why we are even as far as I'm concerned on Mr. Ditmar's property is because it is adjacent. The Board is trying to get a feel for the configuration of the land and how the configuration of the lots on the land would look to be developed. Going, moving this meeting to any other site number one I feel would be illegal because it was not published as a meeting site and number two I feel it's outside the jurisdiction of the Zoning Board. You're asking the Board to look at drainage issues. And although that is a concern on the site plan, it is not, it is not a concern for the purposes of this application.
Plaintiff contends that the October 3, 1992 hearing was illegal, arguing that "the meeting clearly took place at not only the site, but the Commission also continued onto other lands not owned by the applicant nor under his control for taking of evidence. . . ." Under certain circumstances, a commission is permitted to move the site of a public hearing without prior notification.
In DuPont v. Planning Zoning Commission, 156 Conn. 213, the published notice of a public hearing indicated that a hearing would be held in the town hall council chamber. Id., 216. After the hearing was called to order, the commission chairman stated that, by order of the fire department, the hearing would be reconvened at a high school auditorium located across the street from the town hall due to a standing room limitation in the town hall. Id. In additions, the chairman designated someone to stay to direct interested individuals to the high school location. Id., 217. The court concluded that the action of the chairman was proper and "not unreasonable if the requirements of the fire regulations, appropriate consideration for the safety of the public, and the expeditious accommodation of the large number of individuals who appeared in response to the public notice are CT Page 11404 kept in mind." Id., 218. The court emphasized that "[t]here was no showing in the record that any individual who had planned to be present did not attend or was unable to express his opinion on the matters before the commission at the public hearing." Id.
In the present case, the record reflects that a decision was made to continue the September 22, 1992 hearing at the proposed subdivision site, and that plaintiff and his attorney attended, and participated in, the continued hearing. The record also reveals that a portion of the October 3, 1992 hearing was conducted on a site adjacent to the proposed subdivision, and that plaintiff did not object at that time.[1]
As plaintiff's attorney remarked during the October 3, 1992 hearing, the purpose of reconvening the hearing to an adjacent site was to give the board "a feel for the configuration of the land and how the configuration of the lots on the land would look to be developed." This action was proper under the circumstances; and there is no evidence in the record to indicate that anyone who had planned to be present did not attend the October 3, 1992 hearing, nor that anyone was prevented from expressing his or her opinion before the commission during this hearing.
Accordingly, the October 3, 1992 hearing was not illegal on the ground that it was held at another site in addition to the location placed on the record during the September 22, 1992 meeting.
The final continuation of the public hearing was held on October 13, 1992. At the close of the public hearing, a commissioner moved "that the proposal be denied based on the adverse effect of [sic] the community, the neighboring property and the general health, safety and welfare of the community." Without comment, the commission unanimously voted to deny the application.
Plaintiff argues that the record does not support defendant's decision. Plaintiff contends that, in light of the evidence presented to the commission from city officials and the applicant "regarding the drainage improvements, it is difficult to find in the Record any concrete evidence that would in any way support or render adequate the Commission's conclusion that the land was not suitable for subdivision because of public health and safety reasons." CT Page 11405
Defendant counters that the record, which consists of transcripts, photographs, maps, and correspondence from the city engineer, the Army Corps of Engineers, and concerned citizens, "provides a proper basis from which the Commission could and did make its decision."
Plaintiff's application, dated February 12, 1992, sought approval for a five-lot subdivision. Three of the lots had direct frontage on Annawon Avenue, and the remaining two lots were located in the rear of the parcel. Also on February 12, 1992, plaintiff's surveyor, pursuant to 115-1 of the regulations, submitted a letter requesting a waiver of 114-3. The letter stated that this "[r]equest is for the acceptance of lots and lot lines as indicated on maps of Wieland Estates Subdivision attached hereto for approval by the West Haven Planning And Zoning Commission."
During the September 22, 1992 public hearing, many individuals, who resided near plaintiff's parcel, voiced their opposition to plaintiff's application. These individuals opposed the application on the basis of drainage problems occurring on plaintiff's parcel that had resulted in the flooding of their respective properties. For example, a resident of Annawon Avenue spoke in opposition to plaintiff's application, and he submitted a number of photographs to document the water drainage problems from plaintiff's parcel, and the resultant flooding to neighboring properties. In addition, a letter from another Annawon Avenue resident, urging denial of plaintiff's application, was also read into the record. This letter outlined various drainage and flooding problems that had resulted from the development of plaintiff's parcel, and it stated, in part, that:
 Although the spring was wet, it was not so unusually wet to account for the flooding that occurred shortly after heavy grating [sic] to the property in question damaged the ability of water to be carried away effectively from the surrounding area. As a result, many of the surrounding residents experienced flooding in their houses. I experienced approximately an inch of water in my basement and I have enclosed pictures to document this. CT Page 11406
During the course of the hearing, plaintiff's attorney observed that "the issue of the drainage is really . . . the biggest issue for the neighbors and it is the only issue that can be resolved . . . by the development of this property." She represented that "[w]e have met with their town engineer and gone over what he feels would be adequate to eleviate [sic] the problem." She further stated that plaintiff and the city engineer had discussed the possibility of reconfiguring the lots in order to alleviate certain concerns; however, the city planner emphasized that the commission had to consider the original application, and could not officially accept any other plans at this time.
In addition, at the continued hearing held on October 3, 1992, a site inspection was conducted, and several neighbors further elaborated upon the water drainage and flooding problems engendered by the development of the site. At the conclusion of the hearing, the chairman announced that the hearing would be continued at the commission's regularly-scheduled meeting at City Hall on October 13th at 7:30 p.m.
At the October 13, 1992 continued hearing, a letter from West Haven's assistant corporation counsel to plaintiff's attorney was read into the record. The letter, dated June 15, 1992, indicated that the city was aware that a drainage problem for surface water existed on Annawon Avenue. It noted that the problem was caused by a blocked-up pipe which emptied onto plaintiff's property, thereby causing rainwater to accumulate and to flood basements located across the street from plaintiff's parcel. The letter concluded by stating that "I feel confident that a satisfactory agreement can be reached between the City and Mr. Frumento regarding this drainage problem before he begins to develop this property."
A memorandum from the city engineer to the director of planning was also read into the record. The city engineer observed that drainage from Annawon Avenue is discharged onto the subject parcel through a storm pipe, and that the drainage ended up in a pond, through a network of open ditches and stone culverts "meandering through this property and adjacent property on the south." The city engineer explained that the ditches and culvert were not functioning properly, and he recommended that the developer assume responsibility for providing a new drainage system with proper easements, and should provide additional storage on the site, as well. CT Page 11407 Plaintiff's attorney acknowledged that "[t]he one thing that we have looked at as a result of the City Engineers [sic] comments were his suggestion that additional storage be provided on the site. That is something that we had not originally addressed."
The record reflects that a drainage detention pond abuts the rear of plaintiff's subdivision site; and during the October 13, 1992 hearing, plaintiff's attorney informed the commission that a portion of the existing drainage pond was actually located on plaintiff's parcel. Both plaintiff and his attorney addressed the drainage issue, and presented "the Board with an alternative plan to consider." The alternative plan involved "just taking the plans that were originally proposed and flipping it over. . . ." Later, a neighbor queried "whether or not a new plan is being submitted." Plaintiff's attorney indicated that she was "providing the Board with an alternative plan for them to consider." The city planner emphasized that the commission could only consider the original application. He recommended that the commission treat plaintiff's alternative plan as "a suggestion, as a way to handle a problem. And in no fashion to consider this a new application or a new plan other than what has been presented before you because what you can vote on is what has been presented as part of the original hearing process, part of the site walk and the hearing process tonight." He further observed that the commission could "consider other alternatives which do not change the layout of the original application itself."
In addition, during the course of this hearing, other residents voiced opposition to the application. One resident emphasized that the opposition to the application was not based solely on drainage, but that "[f]ive houses is much too much for that piece of property. We have no objection, if the man wants to build three houses as permitted in the present zoning laws." Another resident also addressed the public health and safety issues involved in the development of the two rear lots on plaintiff's parcel, including access problems that would be encountered by the fire department and ambulance service.
The chairman closed the public meeting and the commission reconvened for its regular meeting. During the regular meeting a motion was made to deny plaintiff's proposal "based CT Page 11408 on the adverse effect of [sic] the community, the neighboring property and the general health, safety and welfare of the community[,]" and the commission voted unanimously to deny the application.
Subdivision regulation is an exercise of a town's police power and it strives to accomplish the ends of the police power by benefiting the community's health, safety and general welfare. Raybestos-Manhattan, Inc. v. Planning Zoning Commission, supra, 471. A planning commission acts in an administrative capacity when it reviews a subdivision application, and a commission "has no discretion or choice but to approve a subdivision if it conforms to the regulations adopted for its guidance. If it does not conform as required, the plan may be disapproved." Reed v. Planning and Zoning Commission, 208 Conn. 431, 433. A commission "may not put an interpretative gloss on regulations that are clear and unambiguous." Baron v. Planning Zoning Commission, 22 Conn. App. 255,256. If the regulations are ambiguous, however, a commission may take advantage of all the principles of statutory construction to interpret them. Id.
"Subdivision regulations cannot be too general in their terms and must contain known and fixed standards that apply to all similar cases." (Citation omitted.) Sowin Associates v. Planning Zoning Commission, 23 Conn. App. 370, 376. In addition, "[a] commission's regulations must be reasonably precise in subject matter and reasonably adequate and sufficient to give both the commission and those affected by its decision notice of their rights and obligations." Id.
A trial court should uphold the conclusions reached by a commission if they are reasonably supported by the record, and the question is not whether the trial court would have reached the same conclusion, but whether the record before the agency supports its decision. Property Group, Inc. v. Planning 
Zoning Commission, 226 Conn. 684, 697. The commission's action should be sustained if even one of the stated reasons is sufficient to support it. Id. However, the evidence to support such a reason must be substantial. Id.
Article XI of West Haven's planning and zoning regulations contains the town's subdivision regulations. Section 111-1 provides that: CT Page 11409
 The subdivision regulations established in this resolution are designed to promote and protect public health, safety, and general welfare. These general goals include the following specific purposes:
 (a) To insure that only land suitable for building purposes without danger to health, safety, or public welfare will be subdivided;
 (b) To promote the most desirable use of the land;
 (c) To promote increased safety in the use of streets; to safeguard residential streets from the hazards of excessive traffic;
 (d) To provide for sufficient space for the movement of all emergency vehicles and fire fighting equipment; and
 (e) To safeguard the City from undue expenditures for the maintenance of streets and other open spaces devoted to public use by private developers.
Section 114-3, which governs lot sizes and lot lines, further provides that:
 All lots shall be not less than 100 feet along the front and shall contain at least 12,000 square feet. Whenever possible side lot lines shall be perpendicular to straight street lines or radial to curving street lines. All lots shall front on streets shown on final plan.
(Emphasis provided.)
General Statutes 8-26, which allows for the waiver of certain regulations of a town, states that a commission may waive certain regulations "where conditions exist which affect the subject land and are not generally applicable to other land in the area, provided that the regulations shall specify CT Page 11410 the conditions under which a waiver may be considered and shall provide that no waiver shall be granted that would have a significant adverse effect on adjacent property or on public health and safety."
Section 115-1 contains a waiver of requirement provision, and it states that:
 The Planning and Zoning Commission may waive any requirement and/or standard contained in this Article if it deems such action essential in view of unusual topographic conditions or other special circumstances, provided that any variance granted does not conflict with the general purpose and intent of these regulations.
 To secure such variance, the applicant shall make written request to the Commission explaining fully the reasons therefore and submit same with the preliminary plan. Action by the Commission on such request will be taken as a part of the general action on the preliminary plan.
In the present case, plaintiff sought approval for five building lots: three of the lots had frontage on Annawon Avenue, but the two rear lots did not have street frontage. However, West Haven's subdivision regulations require street frontage for lots. Therefore, plaintiff's application, which included two non-frontage lots, did not conform to West Haven's regulations, and defendant, acting in its administrative capacity, was not bound to approve it. See Reed v. Planning and Zoning Commission, supra, 433. Nor was defendant required to approve the application on the basis of plaintiff's waiver request because there is substantial evidence in the record for defendant to have determined that the waiver request conflicted with "the general purpose and intent of" the subdivision regulations, and that it constituted "a significant adverse effect on adjacent property."
For the reasons set forth above, the October 3, 1992 continued hearing was not illegal, and defendant did not act illegally, arbitrarily, or in abuse of its discretion by denying plaintiff's application. CT Page 11411
Accordingly, plaintiff's appeal is dismissed.
Ronald J. Fracasse, Judge